O’NIELL, Chief Justice.
 

 The question in this case is whether a person on trial for the crime of aggravated battery, as defined in article 34 of the Criminal Code, is entitled to have the judge charge the jury that a verdict of guilty of negligent injuring, as defined in article 39. would be a responsive verdict.
 

 The defendant, appellant, was prosecuted under an indictment charging that he did commit an aggravated battery upon the party named in the indictment by shooting and wounding him with a dangerous weapon — a pistol. On the trial of the case the attorney for the defendant made a timely request of the judge to instruct the jury on the law of negligent injuring, as defined in article 39 of the Criminal Code, and especially to charge the jury that a verdict of guilty of negligent injuring would be a responsive verdict. The judge refused to give the instruction, and the attorney for the defendant reserved a bill of exception. The defendant was found guilty as charged and was sentenced to a term of three years imprisonment in the penitentiary.
 

 Article 5 of the Criminal Code provides that an offender who commits an offense which includes all of the elements of other lesser offenses may be prosecuted for and convicted of either the greater offense or
 
 *161
 
 one of the lesser and included offenses, and that, in such a case, where the offender is prosecuted for the greater offense, he may be convicted of any one of the lesser and included offenses. Article 406 of the Code of Criminal Procedure also provides that, when the crime charged includes another of lesser grade, a verdict of guilty of the lesser crime is responsive to the indictment, and that it is of no moment that the greater offense is a felony and the lesser a misdemeanor.
 

 Accordingly, article 386 of the Code of Criminal Procedure provides that, whenever the indictment sets out an offense including other offenses of less magnitude or grade, the judge shall charge the jury the law applicable to all offenses of which the accused could be found guilty under the indictment, and that in all trials for murder the jury shall be instructed that they may find the accused guilty of manslaughter or negligent homicide.
 

 The question in this case therefore is whether the crime of negligent injuring, as defined in article 39 of the Criminal Code, is included as an offense of less magnitude in an indictment for the crime of aggravated battery, as defined in article 34.
 

 Article 33 of the Criminal Code defines battery as the intentional use of force or violence upon the person of another. Article 34 defines aggravated battery as a battery committed with a dangerous weapon, and prescribes the penalty as imprisonment, with or without hard labor, for not more than ten years. Analyzing the two articles, therefore, aggravated battery consists of the intentional use of force or violence, with a dangerous weapon, upon the person of another.
 

 Article 39 of the Criminal Code defines negligent injuring as the inflicting of any injury upon the person of another by criminal negligence, and prescribes the penalty as a fine not exceeding one thousand dollars, or imprisonment for a term not exceeding one year, or both.
 

 Article 12 of the Criminal Code defines criminal negligence as existing when, although neither specific nor general criminal intent is present; there is such disregard of the interest of others that the offender’s conduct amounts to a gross deviation below the standard of care expected to be maintained by a reasonably careful man under like circumstances.
 

 The issue in this case therefore is narrowed down to the question whether the crime with which the defendant was charged, that is, aggravated battery, includes all of the elements of the lesser offense, which is defined as negligent injuring; and that question depends upon whether a personal injury inflicted upon another by criminal negligence is merely a lower grade of the offense of intentionally using force or violence upon the person of another. The distinction between the two offenses is that in the case of bat
 
 *163
 
 tery, either simple or aggravated battery, the personal injury is inflicted with criminal intent, whereas, in the case of negligent injuring, the personal injury is inflicted by criminal negligence.
 

 Our conclusion is that a personal injury inflicted by criminal negligence is merely a lower grade or degree of the same offense that is committed when a personal injury is inflicted intentionally. This conclusion is borne out by the definition of criminal negligence as given in article 12 of the Criminal Code. And the conclusion is strengthened by the fact that the crime of battery, either simple, or aggravated, and the crime of negligent injuring are dealt with in the same chapter of the Criminal Code, that is, Chapter II, entitled “Assault and Battery (with Related Offenses)”, which chapter is in Title II, dealing with “Offenses Against the Person.” And our ruling in this case is in harmony with the example given in article 386 of the Code of Criminal Procedure, that in all trials for murder the jury shall be instructed that they may find the accused guilty of manslaughter or negligent homicide. An analogy appears in State v. Stanford, 204 La. 439, 15 So.2d 817, where it was held that in a prosecution for manslaughter a verdict of guilty of negligent homicide was a responsive verdict.
 

 The record in this case contains a motion for a new trial, founded upon complaints of misconduct of the jury, and contains considerable evidence taken on the trial of the motion. It appears that a bill of exception was taken to the overruling of the motion but we do not find such a formal bill of exceptions in the record. That is a matter of no importance, however, since, we have concluded that the verdict and sentence must be set aside and the case remanded for a new trial.
 

 The verdict and sentence are annulled and the case is ordered remanded to the district court for a new trial.
 

 HAMITER and HAWTHORNE, JJ., dissent.
 

 BOND, J., absent.