PER CURIAM.
11 Granted. The court of appeal’s order of October 26, 2009, directing the *265 trial court to declare a mistrial, is vacated and this case is remanded for completion of trial. Defendant is charged with the crime of aggravated battery in violation of La.R.S. 14:34, ie., with the “intentional use of force or violence, with a dangerous weapon, upon the person of another.” State v. Englerth, 213 La. 158, 34 So.2d 409, 410 (La.1948). The crime “requires neither the infliction of serious bodily harm nor the intent to inflict serious injury.” State v. Howard, 94-0023, p. 3, 638 So.2d 216, 217; compare La.R.S. 14:34.1 (defining the offense of second degree battery as a battery committed when the offender intentionally inflicts serious bodily injury). The four-day recess declared by the trial court on October 22, in response to the court of appeal’s order directing it to grant defendant’s motion for a continuance, therefore appears to have provided the defense with a fair opportunity to review the victim’s medical records disclosed by the state one day before trial, revealing the victim’s |2treatment for multiple lacerations to his chin, nose, hands, upper arm, and forehead, one wound with “significant arterial hemorrhage.” The arterial hemorrhage apparently accounted for the description of the victim as “bleeding profusely from his head,” in the police report of the incident, which the state disclosed to the defense several months before .trial. It further appears from the trial court’s per curiam that the treating physician is available to the defense if it chooses to call him as a witness in its case and defendant has not shown a reasonable likelihood that any additional expert testimony may “assist the trier of fact to understand the evidence or to determine a fact in issue.” La.C.E. art. 702.
We therefore find no abuse of discretion by the trial court in ordering the four-day recess to satisfy the court of appeal’s concerns that the defense have an adequate opportunity to review and evaluate the victim’s medical records but without the necessity of declaring a mistrial and discharging the jury.
WEIMER and JONES, JJ., would deny.