CURRAULT, Judge.
In a bill of indictment filed on May 24, 1982, defendant, Grover B. Howard, was charged with violation of LSA-R.S. 14:34.2, simple battery on a police officer. A bench trial was held on December 7, 1982, following which he was found guilty as charged and sentenced to thirty days in Parish prison. Defendant now appeals, relying on one assignment of error.
On March 24,1982, at about 9:41 p.m., the defendant, Grover B. Howard, was found unconscious in his vehicle by two uniformed officers of the Jefferson Parish Sheriff’s Office. The car was resting on top of a fire hydrant. The officers were eventually able to wake the defendant at which point he got out of his car and walked to the rear of the vehicle where he urinated, soiling his clothes. Deputy Gray Thurman then approached the defendant and asked for some identification. The defendant gave no response, but suddenly punched the deputy in the middle of his chest. The other deputy attempted to subdue the defendant, but was resisted. Consequently, two more deputies were summoned to the scene and the defendant, after about ten to fifteen minutes of struggle, was placed in the rear seat of the police vehicle.
Secured in the rear of the car, the defendant continued to struggle and attempted to kick out the windows. The subject’s legs were restrained and he was subsequently transported to the Third District Station and then to the Jefferson Parish Correctional Center. Deputy Thurman sustained a hairline fracture above his right eye as a result of this incident.
Defendant appeals his conviction, asserting as error that no rational trier of fact could have found defendant guilty of bat *378 tery on a police officer, applying the standard set forth in Jackson v. Virginia, 443 U.S. 307, 99 S.Ct. 2781, 61 L.Ed.2d 560 (1979).
The defense submits that battery on a police officer requires the special knowledge that a person is a “commissioned officer acting in the performance of his duty”, LSA-R.S. 14:34.2. Consequently, it is incumbent on the State to prove that the defendant was acting with specific criminal intent. The defense maintains that the defendant was so intoxicated he was totally unaware that the deputy he struck was a commissioned police officer performing his duty.
In summation, defense contends that the evidence of the defendant’s general demeanor and his failure to even acknowledge the officers’ presence was such that no rational trier of fact could have found that the essential element of specific intent was proven beyond a reasonable doubt. We agree.
LSA-R.S. 14:15, Intoxication, states that:
The fact of an intoxicated or drugged condition of the offender at the time of the commission of the crime is immaterial, except as follows:
* * * * * *
(2) Where the circumstances indicate that an intoxicated or drugged condition has precluded the presence of a specific criminal intent or of special knowledge required in a particular crime, this fact constitutes a defense to a prosecution for that crime.
Battery is defined as “the intentional use of force or violence upon the person of another....” LSA-R.S. 14:33. Simple battery is a battery committed without the consent of the victim. LSA-R.S. 14:35. The definition of battery of a police officer is a “battery committed without the consent of the victim when the offender has reasonable grounds to believe the victim is a commissioned police officer acting in the performance of his duty.” LSA-R.S. 14:34.2.
The only difference between Article 35 and Article 34.2 is the addition of the element of the special knowledge that the victim is an on-duty police officer.
The Jackson standard provides that a verdict must be set aside, if when the evidence is viewed in the light most favorable to the prosecution, ■ a rational trier of fact could not conclude that all of the elements of the offense have been proven beyond a reasonable doubt. When the conviction, however, depends upon circumstantial evidence, LSA-R.S. 15:438 must be considered as well.
LSA-R.S. 15:438 states that:
The rule as to circumstantial evidence is assuming every fact to be proved that the evidence tends to prove, in order to convict, it must exclude every reasonable hypothesis of innocence.
The Louisiana Supreme Court has in recent years articulated several different approaches in correlating the Jackson standard and the revised statute.[1] In the most recent opinion authored by Justice Blanche, State v. Johnson, 438 So.2d 1091 (La.1983), the court noted:
“Where an essential element of the crime is not proven by direct evidence, LSA-R.S. 15:438 applies. That rule restrains the fact finder, as well as the reviewer on appeal, to accept as proven all that the evidence tends to prove and then to convict only if every reasonable hypothesis of innocence is excluded.” [p. 1097]
While this court recognizes the disparity in the Supreme Court’s analysis of Jackson and LSA-R.S. 15:438, regardless of the approach this court applies to our facts, we must conclude the conviction herein was erroneous. The facts reveal that no concrete evidence was introduced to show that the defendant was aware of the fact that *379 the man he hit was a police officer, notwithstanding the fact that he was in uniform. The defendant was discovered passed out at the wheel of his car and had to be awakened. The odor of alcohol was pervasive. When the officer requested some identification, the defendant did not acknowledge the officers’ presence. The defendant never spoke, but simply looked at the police officers and gave no response to questions asked. As the special knowledge required of Article 34.2 has not been proven, the burden of proof of the distinguishing element of battery on a police officer has not been met. The elements of simple battery (LSA-R.S. 14:35) have, however, been met.
LSA-C.Cr.P. art. 821(E) states that:
If the appellate court finds that the evidence, viewed in a light most favorable to the State, supports only a conviction of a lesser included responsive offense, the court, in lieu of granting a post verdict judgment of acquittal, may modify the verdict and render a judgment of conviction on the lesser included responsive offense.
The court in State v. Byrd, 385 So.2d 248, 252 (La.1980), held that:
[W]hen it is clear from the verdict that the trial judge or jury necessarily found the elements of a lesser and included offense had been proved beyond a reasonable doubt, and the state, constrained by the double jeopardy clause, cannot seek anew a conviction on the greater offense, a remand for a new trial would serve no useful purpose. [Citations omitted]
[See also State v. Greenway, 422 So.2d 1146 (La.1982).]
LSA-C.Cr.P. art. 814 does not give responsive verdicts for the crime of battery on a police officer; however, Article 815 states, “[i]n all cases not provided for in Article 814, the following verdicts are responsive:
(1) Guilty;
(2) Guilty of a lesser and included grade of the offense even though the offense charged is a felony, and the lesser offense a misdemeanor; or
(3)Not guilty.”
Simple battery is a lesser and included grade of the offense of battery on a police officer and, therefore, is a responsive verdict to the crime originally charged.
Therefore, after a review of the record and the law, the conviction of battery on a police officer is vacated. Since the evidence supports a conviction of simple battery, a judgment of conviction of that lesser and included grade of the aforementioned offense will be entered. LSA-C.Cr.P. art. 814; LSA-C.Cr.P. art. 815; LSA-C.Cr.P. art. 821(E); State v. Byrd, supra; and State v. Greenway, supra.
Defendant, Grover B. Howard, is guilty of violating LSA-R.S. 14:35. This matter is hereby remanded to the trial court for re-sentencing according to the guidelines set forth in LSA-C.Cr.P. art. 894.1.
CONVICTION SET ASIDE; NEW CONVICTION ENTERED; REMANDED.

. State v. Austin, 399 So.2d 158 (La.1981). State v. Graham, 422 So.2d 123 (La.1982). State v. Williams, 423 So.2d 1048 (La.1982). State v. Shapiro, 431 So.2d 372 (La.1982). State v. Moore, 432 So.2d 209 (La.1983). State v. Chism, 436 So.2d 464 (La.1983). State v. Sutton, 436 So.2d 471 (La.1983). State v. Johnson, 438 So.2d 1091 (La.1983).