535 So.2d 1341 (1988)
STATE of Louisiana
v.
Dara BLANCANEAUX.
No. 88-KA-414.
Court of Appeal of Louisiana, Fifth Circuit.
December 14, 1988.
John M. Mamoulides, Dist. Atty., J. William Starr, Dorothy A. Pendergast, Asst. Dist. Attys., (Louise Korns, of counsel), Parish of Jefferson, Gretna, for plaintiff-appellee.
Richard M. Tompson, Gretna, for defendant-appellant.
Before CHEHARDY, KLIEBERT and WICKER, JJ.
KLIEBERT, Judge.
Defendant Dara Blancaneaux was charged by bill of information with battery of a police officer (LSA-R.S. 14:34.2). She was found guilty of the lesser and included offense of simple battery (LSA-R.S. 14:35) and sentenced to fifteen days in parish prison, to run concurrently with a sentence previously imposed in another case, and fined $20.00 plus court costs. Defendant's request for a writ of review was granted and the case was lodged by established appellate procedures.[1] See 88-K-290. Defendant contends the evidence in support of the conviction was legally insufficient. We affirm the conviction and sentence.
After her arrest for operating a vehicle while intoxicated, the defendant was transported to the Jefferson Parish Correctional Center. Upon her arrival Deputy Thomas Stirewalt, with assistance from two female deputies, attempted to conduct a videotaped interview with the defendant. The defendant leaned against a wall, and a female deputy stood on either side to prevent her from falling. As Deputy Stirewalt attempted to explain Miranda rights, the defendant became verbally abusive and kicked him in the knee.[2] Deputy Stirewalt grabbed the defendant by the throat, backed her against the wall, and warned her not to kick him again. The defendant responded by kicking Deputy Stirewalt *1342 twice in the groin area, grabbing his earphone, and twisting wildly to escape the grasp of the female deputies. Deputy Stirewalt executed a short punch to the defendant's midsection. She collapsed immediately, and Deputy Stirewalt lay her on the floor. The interview was terminated.
The defendant contends the evidence in support of the conviction is legally insufficient in that she was provoked into committing the battery, or, alternatively, she was too intoxicated to form the "requisite special knowledge" required for a simple battery conviction. Both contentions are meritless.
By "provocation" defendant is apparently referring to a justification defense. The only possible justification defense under the present circumstances is that set forth in LSA-R.S. 14:19:
"The use of force or violence upon the person of another is justifiable, when committed for the purpose of preventing a forcible offense against the person or a forcible offense or trespass against property in a person's lawful possession; provided that the force or violence used must be reasonable and apparently necessary to prevent such offense, and that this article shall not apply where the force or violence results in a homicide."
A review of the video tape reveals that the defendant was verbally abusive and struck the first blow. No verbal or physical threats by Deputy Stirewalt or the other deputies preceded these actions. The defendant's use of force was neither reasonable nor apparently necessary to prevent a forcible offense against herself; thus, a justification defense is inapplicable. State v. Freeman, 427 So.2d 1161 (La.1983). Moreover, as the aggressor in the incident, the defendant cannot claim the right of self-defense unless she withdrew from the conflict in good faith and in such a manner that Deputy Stirewalt was alerted to that fact. La. C.Cr.P. art. 14:21. The video tape reflects that at no time did the defendant withdraw from her verbally and physically abusive behavior.
The crime of simple battery requires only general criminal intent. LSA-R.S. 14:10, 14:35; State v. Comeaux, 249 La. 914, 192 So.2d 122 (1966). Voluntary intoxication is not a defense to a general intent crime. State v. Godeaux, 378 So.2d 941 (La.1979). Conversely, simple battery of a police officer requires the special knowledge that the person struck is a commissioned officer acting in the line of duty. LSA-R.S. 14:34.2; State v. Howard, 441 So.2d 377 (5th Cir.1983). Thus, in the light of the defendant's intoxication, the trial judge returned a verdict of guilty of simple battery, a lesser and included offense. The evidence supports the verdict.
For the foregoing reasons, the defendant's conviction and sentence are affirmed.
AFFIRMED.
NOTES
[1] A writ was also granted in the driving while intoxicated and reckless operation of a motor vehicle case and consolidated for hearing in this court. A separate opinion was handed down in the DWI, second offense, and ROMV case. See 88-KA-413.
[2] The propriety of the deputy's reactions thereafter are not condoned by this court and may well be the subject of some action against him. This court can only decide whether the trial court erred in finding Blancaneaux was guilty of simple battery.