809 So.2d 203 (2001)
STATE of Louisiana
v.
Timothy Lee ELLIOT.
No. 2000 KA 2637.
Court of Appeal of Louisiana, First Circuit.
June 22, 2001.
*204 Joseph Waitz, Jr., Ellen D. Doskey, Office of District Attorney, Houma, for State of Louisiana.
Amy C. Ellender, Louisiana Appellate Project, Mer Rouge, for Defendant-Appellant Timothy Lee Elliot.
Before: PARRO, FITZSIMMONS, and GUIDRY, JJ.
PARRO, J.
The defendant, Timothy Lee Elliot, was charged by bill of information with one count of battery of a correctional officer, a violation of LSA-R.S. 14:34.5, and pled not guilty. Following a jury trial, he was found guilty as charged. He moved for a new trial and for a post-verdict judgment of acquittal, but the motions were denied. He was sentenced to two years at hard labor. He now appeals, designating one assignment of error.

FACTS
On September 11, 1999, the defendant was arrested on a charge of simple battery. He was taken to the Houma Police Department and "booked" on that charge, i.e., certain personal information about him was entered into a police book and computer. Thereafter, when Houma Police Department Officer Carl Beatty attempted to transport the defendant to the Terrebonne Parish Criminal Justice Complex (Ashland), a correctional facility, the defendant attempted to head-butt Officer Beatty in the face. Officer Beatty forced the defendant to the ground, and the defendant was booked with the attack.[1] While being booked for the attack on Officer Beatty, the defendant engaged in conduct resulting in his being booked on a third charge.[2] Officer Beatty called Ashland and advised authorities there of the defendant's "extremely violent" behavior. Officer Beatty then transported the defendant to Ashland, where he was met by several correctional officers. They assisted Officer Beatty in escorting the defendant out of the police car. The defendant engaged in conduct resulting in his being booked on a fourth charge.[3] Prior to being booked on this fourth charge, the defendant was searched for contraband. He continued to violently resist officers, was placed in a cell, and subsequently was placed in a restraint chaira chair with straps for an inmate's legs, arms, and chest. Approximately one-half hour later, the defendant began cooperating and his booking on the fourth charge was completed. However, the defendant again became very violent when asked whether or not he had used drugs that day and was escorted back to the restraint chair. While being taken to the restraint chair, the defendant told the instant victim, Deputy Carroll White, Jr., to "go [f___] himself[,]" and punched Deputy White in the stomach area with both hands. After the defendant was restrained in the restraint chair, he also spat into Deputy White's face. Deputy White *205 was wearing his uniform and working in his capacity as security supervisor for Ashland when he was struck and spat upon by the defendant.

SUFFICIENCY
In his sole assignment of error, the defendant contends the evidence presented was insufficient to support the verdict. He claims the offense required specific intent and, relying on LSA-R.S. 14:31, claims specific intent was not present due to his rage and uncontrollable anger.
In reviewing claims challenging the sufficiency of the evidence, this court must consider "whether, after viewing the evidence in the light most favorable to the prosecution, any rational trier of fact could have found the essential elements of the crime beyond a reasonable doubt." Jackson v. Virginia, 443 U.S. 307, 319, 99 S.Ct. 2781, 2789, 61 L.Ed.2d 560 (1979). See also LSA-C.Cr.P. art. 821(B); State v. Mussall, 523 So.2d 1305, 1308-09 (La. 1988).
Initially, we note LSA-R.S. 14:31 (manslaughter) has no application to the instant offense. Manslaughter is "[a] homicide which would be murder under either Article 30 (first degree murder) or Article 30.1 (second degree murder),...." LSA-R.S. 14:31(A)(1). The instant offense was not a homicide.
LSA-R.S. 14:34.5, in pertinent part, provides:
A. (1) Battery of a correctional facility employee is a battery committed without the consent of the victim when the offender has reasonable grounds to believe the victim is a correctional facility employee acting in the performance of his duty.
(2) For purposes of this Section, "correctional facility employee" means any employee of any jail, prison, correctional facility, juvenile institution, temporary holding center, halfway house, or detention facility.
(3) For purposes of this Section, "battery of a correctional facility employee" includes the use of force or violence upon the person of the employee by throwing feces, urine, blood, saliva, or any form of human waste by an offender while the offender is incarcerated and is being detained in any jail, prison, correctional facility, juvenile institution, temporary holding center, halfway house, or detention facility.
. . .
B. (2) If at the time of the commission of the offense the offender is under the jurisdiction and legal custody of the Department of Public Safety and Corrections, or is being detained in any jail, prison, correctional facility, juvenile institution, temporary holding center, halfway house, or detention facility, the offender shall be fined not more than one thousand dollars and imprisoned with or without hard labor without benefit of parole, probation, or suspension of sentence for not less than one year nor more than five years. Such sentence shall be consecutive to any other sentence imposed for violation of the provisions of any state criminal law.
Battery of a correctional facility employee is a general intent, rather than specific intent, crime.[4] The offense requires neither the infliction of serious bodily *206 harm nor the intent to inflict serious injury. Compare LSA-R.S. 14:34.1 (second degree battery); see State v. Howard, 94-0023 (La.6/3/94), 638 So.2d 216, 217 (per curiam) (determining LSA-R.S. 14:34, aggravated battery, to be a general intent crime). Criminal intent may be specific or general. Specific criminal intent is that state of mind which exists when the circumstances indicate that the offender actively desired the prescribed criminal consequences to follow his act or failure to act. LSA-R.S. 14:10(1). Proof of specific intent is required where the statutory definition of a crime includes the intent to produce or accomplish some prescribed consequence. State v. Fuller, 414 So.2d 306, 309 (La.1982) (determining LSA-R.S. 14:34.1, second degree battery, to be a specific intent crime). The statutory definition of battery of a correctional facility employee does not include the intent to produce or accomplish some prescribed consequence. General intent requires a showing that the offender, in the ordinary course of human experience, must have adverted to the prescribed criminal consequences as reasonably certain to result from his act or failure to act. LSA-R.S. 14:10(2); Howard, 638 So.2d at 217. In general intent crimes, criminal intent necessary to sustain a conviction is shown by the very doing of the acts which have been declared criminal. Howard, 638 So.2d at 217. The criminal intent necessary to sustain a conviction for battery of a correctional facility employee is shown by the very doing of the acts which have been declared criminal in the definition of the crime.
After a thorough review of the record, we are convinced that viewing the evidence in the light most favorable to the state, a rational trier of fact could have found beyond a reasonable doubt that the defendant was guilty of battery of a correctional facility employee. The verdict rendered against the defendant indicates the jury accepted the account of the incident set forth by the state's witnesses. As the trier of fact, the jury was free to accept or reject, in whole or in part, the testimony of any witness. State v. Johnson, 99-0385 (La.App. 1st Cir.11/5/99), 745 So.2d 217, 223, writ denied, State ex rel. Johnson v. State, 00-0829 (La.11/13/00), 774 So.2d 971. On appeal, this court will not assess the credibility of witnesses or reweigh the evidence to overturn a fact finder's determination of guilt. State v. Glynn, 94-0332 (La.App. 1st Cir.4/7/95), 653 So.2d 1288, 1310, writ denied, 95-1153 (La.10/6/95), 661 So.2d 464.
This assignment of error is without merit.
CONVICTION AND SENTENCE AFFIRMED.
NOTES
[1] The record does not reveal the particulars of this charge.
[2] The record does not reveal the particulars of this charge.
[3] The record does not reveal the particulars of this charge.
[4] We are aware of State v. Howard, 441 So.2d 377, 378 (La.App. 5th Cir.1983), wherein the court agreed with defense arguments that LSA-R.S. 14:34.2 (battery of a police officer) was a specific intent crime. However, the defense in Howard confused specific criminal intent with special knowledge. The concepts are distinct. See LSA-R.S. 14:15(2).