940 So.2d 124 (2006)
STATE of Louisiana, Appellee,
v.
Frank FOWLER, Appellant.
No. 41,443-KA.
Court of Appeal of Louisiana, Second Circuit.
September 27, 2006.
*126 Edward K. Bauman, Lake Charles, for Appellant.
Frank Fowler, Pro Se.
Paul J. Carmouche, District Attorney, Geya D. Williams, Catherine M. Estopinal, Assistant District Attorneys, for Appellee.
Before WILLIAMS, CARAWAY and DREW, JJ.
WILLIAMS, Judge.
The defendant, Frank Fowler, was charged by bill of information with battery of a correctional facility employee, a violation of LSA-R.S. 14:34.5. After a jury trial, the defendant was found guilty as charged. The district court imposed a sentence of five years at hard labor to run consecutively with any other sentence to be served. Defendant appeals his conviction. We affirm.

FACTS
On November 13, 2003, the defendant was an inmate at Forcht Wade Correctional Center and he had been assigned to a work crew that was cleaning the grounds of the facility. After making vulgar comments to a female corrections officer who had ordered him to return to work, defendant was handcuffed and taken to Lieutenant Randall Wilkinson so he could be placed in administrative segregation for violating inmate disciplinary rules. As Lt. Wilkinson and another officer were escorting defendant to the lobby of the administrative segregation cell block, he became loud, combative and noncompliant. When defendant refused to walk up the stairs to his cell, each officer grabbed an arm of defendant, who kicked a desk and knocked over a chair. The officers then carried him up the stairs and into the cell. Because defendant had his legs tucked underneath him, the officers placed him on the floor and as they did so, defendant rolled onto his back. As the other officer left the cell, Lt. Wilkinson was still bending over defendant, holding him in place. Once he let go, the defendant kicked Lt. Wilkinson in the chest with his left foot.
Wilkinson stepped outside the cell and contacted his supervisors. When they arrived, defendant continued to refuse their instructions to strip down and pass all items outside of the cell so the officers could check for contraband. Assistant Warden Anthony Batson and other officers tried to verbally calm defendant. Because of his continued noncompliance, the officers sprayed him with chemical deterrents. When this did not work, a tactical team entered the cell to restrain defendant and check for contraband.
Subsequently, Asst. Warden Batson referred the matter to the Caddo Parish District Attorney for prosecution. After a jury trial, defendant was convicted of felony *127 battery of a correctional facility employee. Defendant agreed to a five-year sentence at hard labor, to run consecutively to any sentence he was serving, in exchange for an agreement that the state would not file a multiple offender bill of information.

DISCUSSION
The defendant contends the evidence presented was insufficient to support the conviction of battery of a correctional facility employee. The defendant argues that the state failed to prove that he possessed the specific intent required for a battery. Defendant concedes that he may have kicked Wilkinson in the chest, but that his "uncontrollable anger" was much like a sudden passion or heat of blood that deprived him of the necessary reflection and coolness of mind to form the specific intent to commit the battery. Defendant further argues in the alternative that his conviction should be reduced to the general intent crime of simple battery and his case remanded for a new sentence.
The standard of appellate review for a sufficiency of the evidence claim is whether, after viewing the evidence in the light most favorable to the prosecution, any rational trier of fact could have found the essential elements of the crime proven beyond a reasonable doubt. Jackson v. Virginia, 443 U.S. 307, 99 S.Ct. 2781, 61 L.Ed.2d 560 (1979). This standard, now legislatively embodied in LSA-C.Cr.P. art. 821, does not provide the appellate court with a vehicle to substitute its own appreciation of the evidence for that of the fact finder. State v. Robertson, 96-1048 (La.10/04/96), 680 So.2d 1165. The Jackson standard is applicable in cases involving both direct and circumstantial evidence. State v. Owens, 30,903 (La.App.2d Cir.9/25/98), 719 So.2d 610, writ denied, 98-2723 (La.2/05/99), 737 So.2d 747.
The appellate court does not assess the credibility of witnesses or reweigh evidence. State v. Smith, 94-3116 (La.10/16/95), 661 So.2d 442. Where there is conflicting testimony about factual matters, the resolution of which depends upon a determination of the credibility of witnesses, the matter is one of the weight, not the sufficiency, of the evidence. State v. Allen, 36,180 (La.App. 2d Cir.09/18/02), 828 So.2d 622, writ denied, 02-2595 (La.03/28/03), 840 So.2d 566, 02-2997 (La.06/27/03), 847 So.2d 1255, cert. denied, Allen v. Louisiana, 540 U.S. 1185, 124 S.Ct. 1404, 158 L.Ed.2d 90 (2004). A reviewing court accords great deference to a jury's decision to accept or reject the testimony of a witness in whole or in part. State v. Gilliam, 36,118 (La.App.2d Cir.08/30/02), 827 So.2d 508, writ denied, XXXX-XXXX (La.11/14/03), 858 So.2d 422.
Further, the Jackson standard does not provide a defendant with a means of arguing alternative and inconsistent defenses in different forums, raising one defense before the jury and when that fails, a second defense presupposing a different set of facts in an appellate court conducting a sufficiency review under Jackson and LSA-C.Cr.P. art. 821(E). State v. Juluke, 98-0341 (La.01/08/99), 725 So.2d 1291.
Defendant testified at trial that he did not know whether he kicked Lt. Wilkinson, but that he may have unintentionally kicked Wilkinson when he rolled over after being dropped on the ground. Defendant testified that he resisted being taken to administrative segregation because he thought his placement there was unfair; however, he did not testify about an uncontrollable anger that would have deprived him of the ability to form specific intent. The argument that defendant lacked specific intent to commit the battery because *128 of his uncontrollable anger is inconsistent with his trial defense argument that any such kick was an accident. Because defendant raises this alternative argument presupposing different facts for the first time on appeal, it is not a proper argument for this court to consider in performing its sufficiency review under Jackson and Article 821(E).
Even so, defendant's alternative argument on appeal is without merit. In State v. Elliot, 00-2637 (La.App. 1st Cir.06/22/01), 809 So.2d 203, the court addressed the argument that the evidence was insufficient to support a conviction for battery of a correctional facility employee because the offender's "rage and uncontrollable anger" deprived him of the ability to form specific intent. The court rejected the argument that the sudden passion or heat of blood language contained in the manslaughter statute was applicable to the case because the offense involved was not a homicide. State v. Elliot, 809 So.2d at 205. Sudden passion or heat of blood is not a justification for criminal actions under LSA-R.S. 14:18, or for the use of force in defense in a non-homicide under LSA-R.S. 14:19. Moreover, sudden passion or heat of blood only reduces the level of culpability in a homicide by reducing the charges of first or second degree murder to manslaughter; it does not relieve the defendant of all criminal liability. LSA-R.S. 14:31(A)(1). Therefore, defendant's argument that his uncontrollable anger should be likened to a sudden passion or heat of blood and, thereby, reduce or relieve him of culpability for the battery of a correctional facility employee is without merit.
In any event, battery of a correctional facility employee is a general intent, rather than a specific intent, crime. A battery is defined as any intentional use of force on the person of another. LSA-R.S. 14:33. Battery of a correctional facility employee is defined as a battery committed without the consent of the victim when the offender has reasonable grounds to believe the victim is a correctional facility employee acting in the performance of his duty. LSA-R.S. 14:34.5(A)(1). If the offense is committed when the offender is in the legal custody of the Department of Public Safety and Corrections, or is being detained in any jail, prison or correctional facility, the offender shall be fined not more than one thousand dollars and imprisoned with or without hard labor without benefit of parole, probation or suspension of sentence for not less than one year nor more than five years. LSA-R.S. 14:34.5(B)(2).
In State v. Elliot, supra, the court explained that battery of a correctional facility employee is a general intent crime:
Criminal intent may be specific or general. Specific criminal intent is that state of mind which exists when the circumstances indicate that the offender actively desired the prescribed criminal consequences to follow his act or failure to act. LSA-R.S. 14:10(1). Proof of specific intent is required where the statutory definition of a crime includes the intent to produce or accomplish some prescribed consequence. State v. Fuller, 414 So.2d 306, 309 (La.1982)(determining LSA-R.S. 14:34.1, second degree battery, to be a specific intent crime). The statutory definition of battery of a correctional facility employee does not include the intent to produce or accomplish some prescribed consequence. General intent requires a showing that the offender, in the ordinary course of human experience, must have adverted to the prescribed criminal consequences as reasonably certain to result from his act or failure to act. LSA-R.S. 14:10(2); [State v.] Howard, [94-0023 *129 (La.06/03/94),] 638 So.2d [216,] at 217. In general intent crimes, criminal intent necessary to sustain a conviction is shown by the very doing of the acts which would have been declared criminal. Howard, 638 So.2d at 217. The criminal intent necessary to sustain a conviction for battery of a correctional facility employee is shown by the very doing of the acts which have been declared criminal in the definition of the crime.
In the present case, Lt. Wilkinson testified that defendant kicked him, leaving an abrasion on his chest. Defendant admitted during his testimony that he may have kicked the officer. Lt. Wilkinson further testified that at the time of this incident he was in uniform, that he was on duty and that he had not given defendant permission to kick him. Thus, there was evidence from which a reasonable fact finder could determine that defendant kicked Lt. Wilkinson in the chest, that he knew Wilkinson was a correctional facility employee acting in the performance of his duty and that Lt. Wilkinson had not consented to the battery. In addition, the evidence of defendant's noncompliant and combative behavior when he was brought to his cell supports a determination that defendant possessed the general intent necessary to commit this crime.
The defendant presented the testimony of two other inmates, who stated that they were in administrative segregation on the day of the incident and that they heard corrections officers threatening the defendant. However, the verdict rendered against defendant indicates that the jury accepted the account of the incident set forth by the state's witnesses and gave little credit to defendant's witnesses, who admitted they were not able to observe the confrontation.
Based upon this record, we are convinced that the evidence, viewed in the light most favorable to the state, was sufficient to support defendant's conviction of battery of a correctional facility employee. The assignment of error lacks merit.
Supplemental Pro Se Brief
On August 31, 2006, defendant filed a pro se brief in accordance with an order issued by this court in response to the defendant's motion to supplement. State v. Fowler, 41,443 (La.App.2d Cir.7/28/06). Defendant now alleges that his right to compulsory process and confrontation of witnesses was hindered due to the following three circumstances: (1) the state did not present the testimony of Sergeant Dewayne Rice, who was with the victim and defendant at the time of the offense, at either the preliminary examination or the trial; (2) the trial court denied his pro se motion for production of documents requesting medical records from LSUHSC ("LSU") to rebut allegedly false testimony regarding the defendant's injuries; and (3) the trial court denied his request to have the Louisiana Department of Public Safety and Corrections give him a list of all inmates who were in the "West Max" building of the prison facility during the dates of November 13, 2003 to November 20, 2003.
The state's failure to present the testimony of Sergeant Rice either at the preliminary examination or at trial did not violate defendant's right to compulsory process and confrontation of witnesses. Defendant alleges that Sergeant Rice might have testified on cross-examination that he "was just following orders" of Lt. Wilkinson, who was his superior. It is unclear how this testimony would have helped defendant. Even so, defendant had the ability to subpoena this witness and the state was under no obligation to present his testimony. The trial court did not *130 deny defendant the opportunity to subpoena Sergeant Rice, nor did defendant have the right to confront a witness on cross-examination whose testimony was not presented to the jury.
The lack of medical records from LSU did not prejudice the defendant. The evidence showed that after defendant was subdued, he was seen at the prison infirmary, where his eyes were rinsed of any chemical residue. No other physical injuries were observed on defendant following the incident. Further, there was no testimony indicating that the defendant received treatment at LSU for any injury resulting from this incident.
Defendant suffered no prejudice from the trial court denying his request to have the Louisiana Department of Public Safety and Corrections give him a list of all inmates who were in the West Max building during the dates of November 13, 2003 to November 20, 2003. While defendant argues that this would have given him potential witnesses with exculpatory evidence, this claim is inconsistent with his testimony at trial.
Defendant testified that he was resisting Lt. Wilkinson and being combative because he thought it was unfair for him to be taken to administrative segregation. Further, defendant admitted that he might have unintentionally kicked Lt. Wilkinson when being placed on the floor of the cell. Even if this discovery denial violated defendant's right to discovery, such violations do not warrant reversal unless defendant is actually prejudiced. State v. Garrick, XXXX-XXXX (La.4/14/04), 870 So.2d 990, citing State v. Strickland, 398 So.2d 1062 (La.1981); State v. Norwood, 396 So.2d 1307 (La.1981). Due process does not require reversal even for the failure to disclose exculpatory evidence unless the non-disclosure was so serious that there is a reasonable probability that the suppressed evidence would have produced a different verdict. State v. Garrick, supra, quoting Strickler v. Greene, 527 U.S. 263, 119 S.Ct. 1936, 144 L.Ed.2d 286 (1999).
In light of defendant's testimony at trial, there is no reasonable probability that the testimony of the other inmates would have produced a different verdict. Therefore, the denial of defendant's discovery request did not prejudice his defense. The pro se assignment of error lacks merit.
Error Patent
We note that the trial court failed to state that defendant's five-year sentence is to be served without benefit of parole, probation or suspension of sentence as required by the statute. However, pursuant to LSA-R.S. 15:301.1(A), the sentence is deemed to contain the statutory provision mandating that the sentence be served without benefit of parole, probation or suspension of sentence despite the sentencing court's omission. Consequently, the sentence will automatically be served without such benefit. State v. Williams, 00-1725 (La.11/28/01), 800 So.2d 790; State v. Cooks, 36,613 (La.App.2d Cir.12/4/02), 833 So.2d 1034.

CONCLUSION
For the foregoing reasons, the defendant's conviction and sentence are affirmed.
AFFIRMED.