# United States Court of Appeals
# for the Fifth Circuit

United States Court of Appeals
Fifth Circuit

**FILED**

January 5, 2021

Lyle W. Cayce
Clerk

No. 20-30263

ANDRE PRICE,

*Plaintiff—Appellant*,

*versus*

CITY OF BOSSIER; POLICE DEPARTMENT OF BOSSIER CITY;
HUNTER J. TIMMS, OFFICER; SHAWN PARKER, OFFICER;
UNKNOWN EMPLOYEES, BOSSIER POLICE DEPARTMENT,

*Defendants—Appellees*.

Appeal from the United States District Court
for the Western District of Louisiana
USDC 5:19-CV-1237

Before JONES, SMITH, and ELROD, *Circuit Judges*.

PER CURIAM:*

Andre Price appeals the dismissal of his federal and state law claims as well as the denial of his motion to amend the complaint.[1]  Finding no error of fact or law, we AFFIRM the judgment of the district court as modified.

## I.  BACKGROUND

In the early hours of September 21, 2018, Price was stopped while riding his bicycle by Officers Timms and Parker of the Bossier City Police Department.  The encounter turned violent when the officers attempted to arrest Price.  After a struggle lasting "15-20 minutes" and covering "60-80 yards," police finally subdued Price.  The incident left him with severe injuries, including an intracranial hemorrhage, acute head injury, hematoma, and partial blindness in his right eye.  Particularly important, the incident also resulted in Price's conviction for battery of police officer Parker alone.

Roughly a year later, Price filed the present suit under 42 U.S.C. § 1983 alleging his constitutional rights were violated during the arrest.  Specifically, he claimed that Timms, Parker, and "other unnamed and/or unknown co-conspirators" used excessive force in violation of the Fourth and Fourteenth Amendments.  Further, he asserted that officers of the Bossier City Police Department violated his state law rights and "committed the specific torts of assault, battery, abuse of process, intentional infliction of emotional distress, false arrest, false imprisonment, negligence, gross negligence, and intentional torts."  Price also asserted that Bossier City was

---

* Pursuant to 5TH CIRCUIT RULE 47.5, the court has determined that this opinion should not be published and is not precedent except under the limited circumstances set forth in 5TH CIRCUIT RULE 47.5.4.

[1] Appellant's Counsel is reminded that Local Rule 28.2.2 requires that "[e]very assertion in briefs regarding matter in the record must be supported by a reference to the page number of the original record."  5th Cir. R. 28.2.2.  This demands more than a range of record pages appended to a section heading.

No. 20-30263

liable for actions of the officers under theories of agency, respondeat superior, and vicarious liability. Finally, the complaint alleged various violations of Price's Fifth and Eighth Amendment rights.

The Defendants moved for dismissal, and the subsequent Report and Recommendation by the magistrate judge recommended dismissal of the Fifth and Eighth Amendment claims, the claims against the City, and claims against the "Unknown Employees of the Bossier City Police Department" on the ground that Price did not oppose dismissal, although he might amend the complaint.[2] The magistrate judge further recommended that the claims against Officers Timms and Parker under both the Constitution and state law be dismissed as barred by *Heck v. Humphrey*, 512 U.S. 477, 114 S. Ct. 2364 (1994). The magistrate judge concluded by suggesting that Price be given opportunity to amend his complaint. Price timely filed a motion to amend the complaint.[3]

The district court adopted the magistrate judge's Report and Recommendation dismissing all charges. Additionally, the district court reviewed the proposed amended complaint, determined it still failed to state a claim against any defendant and denied leave to amend as futile. Price timely appealed to this court, challenging the denial of leave to amend, the dismissal of his excessive force claims, and dismissal of his state law claims.

---

[2] There appears to be some disagreement regarding whether Price opposed the dismissal of his claims against the City. Any dispute, however, is immaterial to the present appeal as Price appeals only the dismissal of his Fourth Amendment and state law claims against the officers individually.

[3] The proposed amended complaint named three additional Bossier City Police Officers and recharacterized the arrest as "multiple incidents" lasting 15-20 minutes over 60-80 yards as described above.

No. 20-30263

## II. DISCUSSION

### A. Standard of Review

This court reviews *de novo* the district court's grant of a motion to dismiss for failure to state a claim. *Hammer v. Equifax Info. Servs. LLC*, 974 F.3d 564, 567 (5th Cir. 2020). "To survive a motion to dismiss, a complaint must contain sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'" *Ashcroft v. Iqbal*, 556 U.S. 662, 678, 129 S. Ct. 1937, 1949 (2009) (quoting *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570, 127 S. Ct. 1955, 1974 (2007)). "A pleading that offers 'labels and conclusions' or 'a formulaic recitation of the elements of a cause of action will not do.'" *Id.* (quoting *Twombly*, 550 U.S. at 570, 127 S. Ct. at 1965).

We review the district court's denial of a motion to amend a pleading for abuse of discretion. *Leal v. McHugh*, 731 F.3d 405, 417 (5th Cir. 2013). Federal Rule of Civil Procedure 15(a) dictates that courts "should freely give leave [to amend] when justice so requires." FED. R. CIV. P. 15(a)(2). But the court may consider factors such as "undue delay, bad faith or dilatory motive on the part of the movant, repeated failure to cure deficiencies by amendments previously allowed, undue prejudice to the opposing party by virtue of the allowance of the amendment, and futility of the amendment." *Schiller v. Physicians Resource Group Inc.*, 342 F.3d 563, 566 (5th Cir. 2003). A proposed amendment is futile if the amended complaint fails to state a claim upon which relief could be granted. *Villarreal v. Wells Fargo Bank, N.A.*, 814 F.3d 763, 766 (5th Cir. 2016). This standard is the same as a 12(b)(6) dismissal and we review it *de novo. Id.*

### B. Price's Fourth Amendment Claims

We begin with Price's Fourth Amendment excessive force claims as alleged in his proposed amended complaint. The district court concluded

4

No. 20-30263

that Price's claims, even as amended, remained "inseparable" from his conviction for battery of an officer and, thus, were barred by *Heck*. We agree.

The Supreme Court in *Heck* barred any § 1983 claim that effectively attacks the validity of a conviction or imprisonment until the conviction or sentence has been "reversed on direct appeal, expunged by executive order, declared invalid by a state tribunal authorized to make such determination, or called into question by a federal court's issuance of a writ of habeas corpus." 512 U.S. at 487, 114 S. Ct. at 2372. Thus, the key inquiry is "whether a judgment in favor of the plaintiff would necessarily imply the invalidity of his conviction." *Id.*

Pursuant to *Heck*, this court previously determined that the conviction of a battery of an officer under Louisiana law prohibits an excessive force claim arising from the same incident. *Hudson v. Hughes*, 98 F.3d 868, 873 (5th Cir. 1996). State law recognizes self-defense as a justification for battery of an officer, and a criminal defendant can prevail by showing that the use of force against an officer was reasonable and necessary to prevent a forcible offense against himself. *Id.* (citing *Louisiana v. Blancaneaux*, 535 So. 2d 1341 (La. App. 1988)). Since the excessive force claim turns on whether officers used unreasonable force in effectuating the arrest, it places the defendant's own resistance into question. *Id.* If the officers' use of force was unreasonable because the defendant was justified in resistance, these facts necessarily call into question the validity of the battery conviction. *Id.*

Our precedent recognizes, however, that "if the factual basis for the conviction is temporally and conceptually distinct from the excessive force claim," the claim is not barred by *Heck*. *Bush v. Strain*, 513 F.3d 492, 498 (5th Cir. 2008). Thus, "a claim that excessive force occurred after the arrestee has ceased his or her resistance would not necessarily imply the validity of a conviction for the earlier resistance." *Id.* But if the excessive

5

force claim stems from "a single violent encounter," then the conviction bars recovery. *DeLeon v. City of Corpus Christi*, 488 F.3d 649, 656–57 (5th Cir. 2007).

Price's amended complaint attempts to draw such a distinction, alleging that the struggle covered "60-80 yards," lasted "as much as 15-20 minutes," and "involves much more than a single 'incident' in one discrete location." The amended complaint further alleges that some officers observed Price being struck while "resisting" arrest but not battering officers and some officers did not observe Price committing battery at the time he was being struck. But Price never alleges that he stopped resisting, only that he stopped "battering." Placing conclusory labels aside, we fail to find the temporal and conceptual distinction between the basis of Price's conviction and the excessive force claim. In sum, the amended complaint describes a single—though drawn out—violent encounter that left Price with multiple injuries and a battery conviction.

## C. Price's State Law Claims

Price's amended complaint re-asserts his state law claims against the officers but fails to add any additional factual allegations. These torts—assault, abuse of process, intentional infliction of emotional distress, false arrest, false imprisonment, negligence, gross negligence, and other "intentional torts"—all stem from Price's arrest. Louisiana applies the *Heck* rationale to state law tort claims.[4] *Williams v. Harding*, 2012-1595 (La. App. 1 Cir. 4/26/13), 117 So. 3d 187, 191. As with the excessive force claim, so

---

[4] We recognize that the Louisiana Supreme Court has not definitively applied *Heck* to all state law torts, making this an *Erie* guess. But the Louisiana Supreme Court has noted that, in the context of a malicious prosecution action, collateral attacks on the judgment via civil tort are not permitted. *See Lemoine v. Wolfe*, 2014-1546 (La. 3/17/15), 168 So. 3d 362, 368 (citing *Heck*, 512 U.S. at 486, 114 S. Ct. at 2372).

these state law claims imply the invalidity of the underlying conviction.  Since Price has failed to distinguish these torts from the factual basis for the battery conviction, they are inseparable and *Heck*-barred.  *DeLeon*, 488 F.3d at 657.

Price's proposed amended complaint fails to state a claim upon which relief can be granted.  Thus, the district court did not abuse its discretion in denying leave to amend.  This conclusion applies *a fortiori* to the original complaint, which describes the incident in even less detail.  Accordingly, the court did not err in dismissing Price's original complaint.  The preferred order of dismissal in *Heck* cases, however, states that the claims are dismissed with prejudice until the *Heck* conditions are met.  *Johnson v. McElveen*, 101 F.3d 423, 424 (5th Cir. 1996).

Accordingly, the judgment of the district court is AFFIRMED but MODIFIED to state that Price's claims are DISMISSED WITH PREJUDICE to their being asserted again until the *Heck* conditions are met.