SUMMERS, Justice.
Defendant, Thomas J. Brown, was convicted of a charge that he unlawfully killed Willie Jones by criminal negligence. La. Rev.Stat. 14:32. He was found guilty in a jury trial and sentenced to serve four years, eleven months in the custody of the Department of Corrections and to pay $60 court costs, and, in default thereof, to serve thirty days in the parish prison.
On this appeal one assignment of error presents the contention that the trial judge erroneously denied a defense motion for a directed verdict.
Negligent homicide is defined by Article 32 of the Criminal Code:
“Negligent homicide is the killing of a human being by criminal negligence.
“The violation of a statute or ordinance shall be considered only as presumptive evidence of such negligence.
“Whoever commits the crime of negligent homicide shall be imprisoned, with or without hard labor, for not more than five years.”
Criminal negligence is defined in Article 12 of the Code as:
“Criminal negligence exists when, although neither specific nor general criminal intent is present, there is such disregard of the interest of others that the offender’s conduct amounts to a gross deviation below the standard of care ex *7 pected to be maintained by a reasonably careful man under like circumstances.”
Evidence presented at the trial established that at about six o’clock on the evening of July 29, 1974 defendant arrived at the apartment of his mother-in-law, Viola Poche, at 3718 Pleasure Street in the city of New Orleans. Present in the upstairs apartment were Viola Poche; Linda Williams, and her husband Clyde Williams; Willie Jones; Wilbert Trainer and Cynthia Brown, wife of defendant. Defendant, it seems, was trying to get his wife Cynthia to go home with him. An argument ensued in which she refused to do so. This apparently angered defendant, and he began cursing her.
At this point Wilbert Trainer admonished defendant, “Thomas, don’t disrespect my mama, and don’t disrespect her house. If you got anything to tell your wife, why don’t you take her home?” Whereupon defendant asked Wilbert out to fight for injecting himself into the argument. When Wilbert told him, “It didn’t mean nothing to me,” defendant went downstairs and Wilbert followed him. At that time Willie Jones was lying on the bed in the room where the controversy arose.
When Wilbert got downstairs to the porch, defendant, who had preceded him, ran to his car parked nearby on Pleasure Street. There defendant retrieved his .22 caliber pistol and returned toward the apartment. By that time all of those who were present in the apartment were then downstairs, either on the porch or in the yard.
As defendant approached the group, he walked past Wilbert and struck Willie Jones in the head with the gun. Wilbert then grabbed defendant from the rear, clutching his right wrist near the gun with his right hand and holding defendant around the shoulder with his left arm. He was trying to shake the gun out of defendant’s right hand while defendant strained to bring the gun into position to aim at Willie Jones. As Willie Jones rushed in to assist Wilbert, he grabbed for defendant’s right hand or arm and at or about the time he made contact the gun discharged, and Willie stepped back three or four steps and fell mortally wounded.
Wilbert then threw defendant to the ground and others nearby came to Wilbert’s aid. When they disarmed defendant, he fled the scene.
Willie Jones was rushed to the hospital where he died that night as a result of the gunshot wound.
This trial occurred on May 22, 1975 before Article 778 of the Code of Criminal Procedure was amended to disallow directed verdicts in jury trials. Under the test set forth in State v. Douglas, 278 So.2d 485 (La.1973), this Court will find error in the trial court’s denial of a motion for a directed verdict and reverse the conviction only where there is no evidence of the crime or one of its essential elements.
Our brief review of the facts exhibits at least some evidence of gross deviation below the standard of care expected to be maintained by a reasonably careful man under the circumstances. This is the test provided by Louisiana law. La.Rev.Stat. 14:12. It has been met here by defendant’s rash, wanton and reckless brandishing of the loaded pistol, by striking Willie Jones on the head while his hand was on the trigger, and by his persistent effort to bring the gun into position for discharge at Willie Jones while Wilbert Trainer struggled to disarm him. State v. Calvin, 337 So.2d 500 (La.1976); State v. Jones, 298 So.2d 774 (La.1974).
For the reasons assigned, the conviction and sentence are affirmed.