FORET, Judge.
On February 12,1987, defendant, MacArthur Brooks, was convicted of attempted second degree murder, a violation of La.R. S. 14:27 and 14:30.1, and was sentenced to serve a period of forty years at hard labor with the department of corrections.[1]
Having fully set out the facts of the case in our prior decision, we will not repeat those facts here.
Defendant makes two assignments of error:
Assignment of Error No. 1 requests that we review the record for errors patent. This is part of our standard procedure of appellate review and, after such a review, we find no errors patent on the face of the record.
For his second assignment of error, defendant contends that his forty-year sentence is excessive and violative of La. Constitution of 1974, Art. 1, § 20. A review of the jurisprudence relative to exeessiveness of sentence is unnecessary. Much of the jurisprudence is well known and repetitive.
Suffice it to say that the trial judge did not commit error in imposing a forty-year sentence on the defendant. Defendant’s criminal record began in 1944 and included charges of attempted aggravated rape, armed robbery, issuing worthless checks, and aggravated assault. Defendant has been convicted of fighting, resisting arrest, simple battery, simple possession of marijuana, and simple assault. He presently has charges outstanding against him for kidnapping, battery, and attempted first degree murder. These charges stem from the same actions giving rise to the case at bar.
In the course of attempting to murder Sandra McClinton, in this case, the defendant hit her in the head with a gun, shot her twice, attempted to shoot her at least three more times, choked her, and tried to cut her throat with a knife. Defendant’s conduct also threatened harm to McClinton’s friend, Charlotte Folsom, and threatened harm to the police officers whose lives were endangered in the course of their ■jobs.
We do not consider the sentence imposed by the trial judge to be excessive, and it is accordingly affirmed.
AFFIRMED.

. Defendant's previous convictions for attempted second degree murder and aggravated battery were reversed and set aside by this Court in an earlier judgment. State v. Brooks, 499 So.2d 741 (La.App. 3 Cir.1986). The convictions at issue in the present appeal are a result of a retrial.