WOODARD, Judge.
Defendant, Jim A. Howard, Jr., was found guilty of aggravated battery, a violation of La.R.S. 14:34, by a unanimous six person jury on July 28, 1992. On September 24, 1992, defendant was sentenced to serve sixty months at hard labor.
FACTS
On March 22, 1992, at approximately 4:30 a.m., defendant Jim A. Howard, Jr., was in search of Chana Simmons, his live-in girlfriend who had gone to Jonesville with Van-dell Smith, Jr., Donna Jackson, and Adrienne Richardson.
The vehicle in which Ms. Simmons and her friends were traveling was a Chevrolet Blazer. It was driven by Adrienne Richardson. As the Blazer passed through Jena on Highway 84, traveling in a westerly direction, it was met by the vehicle driven by the defendant. The defendant attempted to flag down or stop the Blazer. He flashed his lights, and honked his horn. The defendant then turned his vehicle around and drove up behind the Blazer. He continued to honk his horn and flash his lights. The defendant pulled beside the Blazer, waved a gun and directed them to pull over. Mr. Richardson pulled into a parking lot on the south side of Highway 84.
The defendant then parked his car beside the Smith Blazer. He exited his vehicle carrying his pistol with him. He first confronted Vandell Smith, Jr. The defendant stuck the gun in Mr. Smith’s face and advised him not to interfere. The defendant then entered the Blazer and put the gun against Donna Jackson’s head and told her not to say anything. Defendant also waved the gun in Mr. Richardson’s face. He then seized Chana Simmons and tried to drag her from the vehicle. She resisted. As she resisted, the gun discharged and the bullet struck her in the right portion of her neck and shoulder.
As a result of this incident, defendant was convicted of aggravated battery and sentenced to sixty (60) months at hard labor. Defendant appeals his conviction and sentence, asserting ten assignments of error.
We reverse.
ASSIGNMENT OF ERROR NUMBER NINE
Defendant contends the evidence was not sufficient to support the verdict of guilty of aggravated battery.
*1279 When the issue of sufficiency of evidence is raised on appeal, the critical inquiry of the reviewing court is whether, after viewing the evidence in the light most favorable to the prosecution, any rational trier of fact could have found the essential elements of the crime proven beyond a reasonable doubt. Jackson v. Virginia, 443 U.S. 307, 99 S.Ct. 2781, 61 L.Ed.2d 560, rehearing denied, 444 U.S. 890, 100 S.Ct. 195, 62 L.Ed.2d 126 (1979); State ex rel. Graffagnino v. King, 436 So.2d 559, at 563 (La.1983).
La.R.S. 14:34 defines aggravated battery as a battery committed with a dangerous weapon. To support a conviction for aggravated battery the state must show (1) that the defendant intentionally used force or violence upon the victim, (2) that the force or violence was inflicted with a dangerous weapon, and (3) that the dangerous weapon was used in a manner likely, or calculated, to cause death or great bodily harm. State v. Sims, 529 So.2d 454 (La.App. 1 Cir.1988), writ denied, 532 So.2d 764 (La.1988).
The evidence shows that defendant forcefully grabbed his girlfriend around the shoulders with a gun in his hand, and upon doing so, the gun discharged, striking her in the right portion of her neck and shoulder. While defendant intended to forcefully grab his girlfriend, the discharging of the gun was accidental.
As stated in Sims, supra, to support a conviction of aggravated battery, it must be shown that the intentional force or violence was inflicted with a dangerous weapon. In the case sub judice, the evidence reveals that the shooting was accidental; thus, the force or violence actually inflicted with the dangerous weapon was not intentional. While defendant’s conduct is abominable, it is not, by legal definition, aggravated battery, as the prosecution failed to prove the defendant intentionally inflicted force or violence with a dangerous weapon. The force or violence that was intentional, namely the grabbing of the victim by her shoulders, was not the same force or violence inflicted by a dangerous weapon. See State v. Brown, 339 So.2d 6 (La.1976), regarding an accidental shooting as criminal negligence.
Because every element of the crime of aggravated battery was not proven beyond a reasonable doubt, the defendant is entitled to an acquittal.
We need not address defendant’s other assignments of error as they are now moot.
For the foregoing reasons, defendant’s conviction and sentence are reversed and set aside. A judgment of acquittal is hereby rendered and the defendant is ordered discharged.
CONVICTION AND SENTENCE REVERSED; ACQUITTAL ORDERED; DEFENDANT DISCHARGED.
DOMENGEAUX, C.J., dissents, being of the opinion that the conviction should be affirmed.