ON REHEARING
WOODARD, Judge.
We granted rehearing in this case because the facts support a conviction of the lesser included responsive offense of simple battery. If an appellate court finds that the evidence, viewed in the light most favorable to the state, supports a conviction of a lesser included responsive offense, the court may modify the verdict and render a judgment of conviction on the lesser included responsive offense. La.C.Cr.P. art. 821 E; State v. McBride, 504 So:2d 840 (La.1987).
Simple battery is defined in La.R.S. 14:35 as a battery committed without the consent of the victim. Defendant used force by grabbing the victim’s shoulders and attempting to pull her out of the vehicle. The victim did not consent to this use of force. Thus, the defendant committed a simple battery upon-the victim.
We, therefore, vacate the defendant’s conviction of aggravated battery and enter a conviction for the responsive offense of simple battery. The case .is remanded for resen-tencing for this conviction.
CONVICTION AND SENTENCE VACATED; RESPONSIVE VERDICT ENTERED; REMANDED FOR RESEN-TENCING.