638 So.2d 216 (1994)
STATE of Louisiana
v.
Jim A. HOWARD, Jr.
No. 94-K-0023.
Supreme Court of Louisiana.
June 3, 1994.
Rehearings Denied June 24, 1994.
Richard P. Ieyoub, Atty. Gen., New Orleans, John R. Walters, Dist. Atty., Walter E. Dorroh, Jr., Jena, for applicant.
Dan B. Cornett, Jena, for respondent.
PER CURIAM:
The defendant was charged by bill of information with aggravated battery in violation of La.R.S. 14:34. After trial by jury, he was found guilty as charged. Jurors thereby rejected his testimony that he had shot his girlfriend accidentally after grabbing the victim by her shoulders in an attempt to remove her from a friend's Chevrolet Blazer. The trial court sentenced the defendant to sixty months at hard labor. On appeal, the Third Circuit reversed the defendant's conviction, entered a judgment of guilty of simple battery, and remanded the case for resentencing. State v. Howard, 624 So.2d 1277 (La. App. 3rd Cir.1993), on rehearing, 630 So.2d 2 (La.App. 3rd Cir.1993). "The force or violence that was intentional, namely the grabbing of the victim by her shoulders," the court of appeal reasoned, "was not the same force or violence inflicted by a dangerous weapon." Id., 624 So.2d at 1279. We granted the state's application for review to consider the correctness of that ruling and now reverse. The evidence at trial appears sufficient to convince any rational factfinder that the defendant had intentionally used force or violence against the victim with a dangerous weapon, regardless of whether he intended the much greater degree of harm inflicted upon the victim when the gun discharged.
*217 There was no dispute at trial that the defendant shot Chana Simmons, his girlfriend and the mother of his two children, once through her neck and into her shoulder at point blank range with a .25 caliber pistol held in his right hand. At the time of the shooting, Simmons occupied the rear passenger seat of the two-door Chevrolet Blazer owned by her friend Vandell Smith, and driven by another friend, Adrienne Richardson. A third friend, Donna Jackson, sat beside her. They were on the way back from Jonesboro to Jena, Louisiana, in the early morning hours of March 22, 1992, when the defendant spotted the Blazer from across the roadway, turned his own car around, and began following them. As the two vehicles drove through Jena, the defendant flashed his lights and honked his horn, and twice pulled along the right side of the Blazer on the shoulder of the road, in an attempt to pull Richardson over.
The two vehicles finally came to rest in front of the Canal Service Station in Jena. Smith and the defendant emerged from their vehicles and engaged in a brief confrontation during which the defendant pulled out his pistol and ordered Smith aside. The defendant then leaned into the passenger side of the Blazer through the door left open by Smith, pointed his gun at both Jackson and Richardson, and ordered them not to interfere. With the pistol held in his right hand, the defendant then grabbed the protesting Simmons by her shoulders at the tops of her arms and attempted to pull her out of the rear passenger seat. The victim jerked back forcefully and the gun discharged, sending a bullet into the right side of her neck and into her shoulder. At first, neither the defendant nor Simmons realized she had been shot. When Simmons's injuries became apparent, she accompanied the defendant to his car and he drove her to the hospital.
The defendant readily conceded at trial that he had attempted to pull Simmons out of the Blazer after bluntly warning Smith, Jackson and Richardson not to intervene. He claimed, however, that his pistol had discharged accidentally when Simmons resisted him and jerked back in her seat. Simmons, who testified for the defense, told jurors that she did not want to see the defendant prosecuted "because I feel he didn't do it on purpose."
The offense of aggravated battery "consists of the intentional use of force or violence, with a dangerous weapon, upon the person of another." State v. Englerth, 213 La. 158, 34 So.2d 409, 410 (La.1948); La.R.S. 14:34. The crime requires neither the infliction of serious bodily harm nor the intent to inflict serious injury. Compare La.R.S. 14:34.1 (Second Degree Battery); cf., State v. Fuller, 414 So.2d 306 (La.1982). The offense does require "physical contact whether injurious or merely offensive." State v. Dauzat, 392 So.2d 393, 396 (La.1980) [footnote omitted]. It also requires proof only of general intent, or a showing that "the offender, in the ordinary course of human experience, must have adverted to the prescribed criminal consequences as reasonably certain to result from his act or failure to act." La.R.S. 14;10(2); State v. Brumfield, 329 So.2d 181 (La.1976); In Re Glassberg, 230 La. 396, 88 So.2d 707 (1956). In general intent crimes, "criminal intent necessary to sustain a conviction is shown by the very doing of the acts which have been declared criminal." State v. Holmes, 388 So.2d 722, 727 (La.1980).
On the evidence at trial, a rational trier of fact could not have found beyond a reasonable doubt that the defendant intentionally shot the victim. Any rational factfinder could have determined, however, that the defendant had intentionally used force or violence against the victim with a dangerous weapon when he took his gun in hand, grabbed Chana Simmons by her shoulders, and attempted to pull her out of the Blazer. See State v. Brooks, 499 So.2d 741 (La.App. 3rd Cir.1986), appeal after remand, 520 So.2d 931. That the defendant did not specifically intend the much greater degree of harm inflicted on the victim when the gun discharged did not prevent the jury from taking into account those reasonably foreseeable consequences which aggravate the seriousness of a battery offense in assessing the culpability of his act.
The judgment of the Third Circuit is therefore reversed, and the defendant's conviction and sentence for the crime of aggravated *218 battery are reinstated. This case is remanded to the Third Circuit for consideration of the defendant's remaining assignments of error.
JUDGMENT REVERSED; SENTENCE REINSTATED.
Judge MELVIN A. SHORTESS, First Circuit Court of Appeal, sitting for Justice DENNIS.
WATSON, J., not on panel.