# IN THE UNITED STATES COURT OF APPEALS
## FOR THE FIFTH CIRCUIT

No. 12-41425

United States Court of Appeals
Fifth Circuit

**FILED**

May 22, 2014

Lyle W. Cayce
Clerk

UNITED STATES OF AMERICA,

Plaintiff - Appellee

v.

SANTOS TULIO HERRERA–ALVAREZ,

Defendant - Appellant

Appeal from the United States District Court
for the Southern District of Texas

Before DAVIS, GARZA,[*] and DENNIS, Circuit Judges.

JAMES L. DENNIS, Circuit Judge:

The United States Sentencing Guidelines provide for a sentencing enhancement applicable to certain federal defendants who are convicted of being unlawfully present in the United States after a previous removal or deportation in violation of 8 U.S.C. § 1326 and who have previously been convicted of a "crime of violence," U.S. Sentencing Guidelines (U.S.S.G.) § 2L1.2(b)(1)(A)(ii), which includes various enumerated offenses and any offense "that has as an element the use, attempted use, or threatened use of physical force against the person of another," *id.* § 2L1.2 cmt. (B)(iii). In this

---

[*] Judge Garza concurs in judgment only.

No. 12-41425

appeal, we consider whether the Louisiana offense of aggravated battery under Louisiana Revised Statutes section 14:34 qualifies as a crime of violence under § 2L1.2 of the federal Sentencing Guidelines, justifying a sixteen-level enhancement to Defendant–Appellant Santos Tulio Herrera–Alvarez's federal sentence. To determine whether a past conviction qualifies as a "crime of violence," we use what is known as the "categorical approach" set forth in *Taylor v. United States*, 495 U.S. 575 (1990). To apply the categorical approach, we inquire, based solely upon the elements of the statute forming the basis for the defendant's prior conviction, whether the offense qualifies as a crime of violence. *Id.* That is, we inquire whether the offense is comprised of each of the elements of a "generic" crime enumerated in § 2L1.2—here, aggravated assault—or, alternatively, whether the offense necessarily requires a finding that the defendant used, attempted to use, or threatened to use physical force against the person of another. *See Descamps v. United States*, 133 S. Ct. 2276 (2013); *Taylor*, 495 U.S. at 579. "The purpose of the categorical approach is to avoid the practical difficulties and fairness problems that would arise if courts were permitted to consider the facts behind prior convictions which would potentially require federal courts to relitigate a defendant's prior conviction in any case where the government alleged that the defendant's actual conduct fit the definition of a predicate offense." *Patel v. Mukasey*, 526 F.3d 800, 802 (5th Cir. 2008) (citation, quotation marks, and alteration omitted). If we determine that the statute of conviction covers conduct that does not categorically qualify as a crime of violence, but the statute is divisible—meaning that it sets forth multiple separate offenses or sets forth one or more elements of an offense in the alternative—then we apply a variant of the categorical approach known as the "modified categorical approach." *Descamps*, 133 S. Ct. at 2281. Under the modified categorical approach, we may look beyond the statute to a limited class of documents, such

No. 12-41425

as indictments and jury instructions, made or used in adjudicating the defendant's guilt to determine which statutory alternative applies to the defendant's conviction. *See id.* We then apply the *Taylor* approach to assess whether the offense, as narrowed, is categorically broader than an enumerated offense or whether it has as an element the use, attempted use, or threatened use of physical force. *See id.*

For the reasons that follow, we conclude that an offense defined by Louisiana Revised Statutes section 14:34, as narrowed pursuant to the modified categorical approach, qualifies as a crime of violence under § 2L1.2 because it has as an element the use, attempted use, or threatened use of force against the person of another. Because section 14:34 criminalizes aggravated batteries committed by administering poison, which does not necessarily entail the use of destructive or violent physical force, *see United States v. Villegas–Hernandez*, 468 F.3d 874, 879 (5th Cir. 2006), the statute as a whole does not categorically qualify as a crime of violence. However, in the present case, by referencing the charging document in Herrera–Alvarez's prior conviction, we may narrow the statute of conviction under the modified categorical approach to exclude the possibility that Herrera–Alvarez was convicted of aggravated battery committed by means of poisoning. We conclude that, thus narrowed, the offense for which Herrera–Alvarez was convicted under Louisiana Revised Statutes section 14:34 necessarily had as an element the use, attempted use, or threatened use of force against the person of another and therefore qualifies as a crime of violence under § 2L1.2. Accordingly, we affirm.

## I.

Santos Tulio Herrera–Alvarez pleaded guilty to illegal reentry under 8 U.S.C. § 1326(a) & (b)(2). He received a sixteen-level enhancement to his sentence for his 2010 Louisiana conviction for felony aggravated battery under Louisiana Revised Statutes section 14:34. The criminal information for that

No. 12-41425

offense alleged in pertinent part that on April 26, 2009, Herrera–Alvarez "did, willfully and unlawfully commit an aggravated battery with a dangerous weapon, to-wit: a knife, on one Nicholas Marrogain, in violation of the provisions of R.S. 14:34." (Emphasis omitted.)  Under Louisiana law, "[b]attery is the intentional use of force or violence upon the person of another; or the intentional administration of a poison or other noxious liquid or substance to another." LA. REV. STAT. § 14:33.  "Aggravated battery is a battery committed with a dangerous weapon." *Id.* § 14:34.  A dangerous weapon is "any gas, liquid or other substance or instrumentality, which, in the manner used, is calculated or likely to produce death or great bodily harm." *Id.* § 14:2(3).  The district court determined that section 14:34 constitutes a crime of violence within the meaning of § 2L1.2(b)(1)(A)(ii) of the Sentencing Guidelines and enhanced Herrera–Alvarez's sentence accordingly.  With the enhancement, Herrera–Alvarez's Guidelines range was 46 to 57 months of imprisonment, and the district court imposed the below-guidelines sentence of 41 months of imprisonment plus three years of supervised release.  Herrera–Alvarez did not object to the enhancement.

## II.

"[T]he government bears the burden of establishing a factual predicate justifying [a sentencing] adjustment, here that [the] offense constitutes a crime of violence." *United States v. Bonilla*, 524 F.3d 647, 655 (5th Cir. 2008) (citing *United States v. Rabanal*, 508 F.3d 741, 743 (5th Cir. 2007)).  The parties agree that the issue on appeal was not preserved below and that plain error governs. While we are not bound by the parties' concessions and we alone determine the proper standard of review, *see United States v. Vontsteen*, 950 F.2d 1086, 1091 (5th Cir. 1992) (*en banc*) (holding, in a plain error case, that "no party has the power to control our standard of review . . . . [and that] the reviewing court must determine the proper standard on its own") (emphasis omitted) (citation

No. 12-41425

omitted), a review of the record confirms that Herrera–Alvarez did not object to the sentencing enhancement in the district court.  Where, as here, the defendant fails to object to a sentencing enhancement in the district court, our review is for plain error only.  *See* FED. R. CRIM. P. 52(b); *Puckett v. United States*, 556 U.S. 129, 135 (2009).

## III.

This Court has previously held that the Louisiana offense of aggravated battery under Louisiana Revised Statutes section 14:34 is a crime of violence under federal statutes and Sentencing Guidelines provisions other than Sentencing Guidelines § 2L1.2, the provision at issue in this case.  *See United States v. Moore*, 635 F.3d 774, 777 (5th Cir. 2011) (holding that Louisiana aggravated battery qualifies as a crime of violence under Sentencing Guidelines § 4B1.2(a), the career offender sentencing enhancement); *United States v. Rasco*, 123 F.3d 222, 227-28 (5th Cir. 1997) (holding that Louisiana aggravated battery was a "serious violent felony" for purposes of the three-strikes law, 18 U.S.C. § 3559(c)).  As an initial matter, we consider whether those precedents are controlling in the instant case.

In the past, we have stated generally that "[b]ecause of the similarities between U.S.S.G. §§ 2L1.2(b)(1)(A), 4B1.2(a), 4B1.4(a), and 18 U.S.C. § 924(e)," we often treat cases dealing with these provisions "interchangeably."  *United States v. Moore*, 635 F.3d 774, 776 (5th Cir. 2011).  However, we do not treat our categorical approach precedents as interchangeable if there is a salient statutory distinction among the statutes or Guidelines provisions at issue or if the precedents are otherwise distinguishable.[1]  Our opinions in *Moore* and

---

[1] *See United States v. Andino–Ortega*, 608 F.3d 305, 310-12 (5th Cir. 2010) (concluding that because two federal "crime of violence provisions," 18 U.S.C. § 16(b) and § 2L1.2 of the Sentencing Guidelines, defined "crime of violence" differently, this Court's precedent dealing with § 16(b) was "clearly not controlling" with respect to an issue arising under § 2L1.2(b)); *accord, e.g., United States v. Rede–Mendez*, 680 F.3d 552, 556 n.2 (6th Cir. 2012) (explaining

No. 12-41425

*Rasco*, though probative, are not controlling in this case. At issue in *Moore* was whether the defendant's Louisiana conviction for aggravated battery with a motor vehicle was a COV for the purpose of § 4B1.2(a), the career offender Guideline. 635 F.3d at 776-77. We held that Louisiana aggravated battery was a crime of violence for the purpose of the residual clause of the career offender Guideline because it involved conduct that presented "'a serious potential risk of physical injury to another'" and it was "'purposeful, violent, and aggressive.'" *Id.* at 777 (quoting U.S.S.G. § 4B1.2(a)). Section 2L1.2, by contrast, has no comparable residual clause. *Moore* is therefore distinguishable from the present case. *See Andino–Ortega*, 608 F.3d at 310-12; *Rede–Mendez*, 680 F.3d at 556 n.2. Our opinion in *Rasco* is also distinguishable. There, the defendant did not argue that the offense did not entail the use, attempted use, or threatened use of physical force. 123 F.3d at 227-28; *see* Br. of Def.-Appellant 33-34, *United States v. Rasco*, No. 96-31054, 1997 WL 33617659 (5th Cir. Feb. 10, 1997). In *Rasco* we did not purport to resolve whether section 14:34 satisfied the "use of force" prong of § 3559(c)'s crime of violence definition, and that question was not before the panel. Our passing statement regarding the use of force under section 14:34 in *Rasco* is therefore not controlling here. *See, e.g.*, *Thomas v. Tex. Dep't of Criminal Justice*, 297 F.3d 361, 370 n.11 (5th Cir. 2002) ("Where an opinion fails to address a question squarely, we will not treat it as binding precedent.").

While our opinions in *Moore* and *Rasco* are probative of whether the Louisiana offense of aggravated battery qualifies as a crime of violence under § 2L1.2, they are not determinative. We therefore turn to the merits of the

---

that crime of violence precedents interpreting Sentencing Guideline § 4B1.2, 18 U.S.C. § 16, and 18 U.S.C. § 924(e) "are probative to an interpretation of U.S.S.G. § 2L1.2" if the precedents are analyzing the same definition of "crime of violence" but that "[c]ases analyzing the residual clauses, by contrast, are not pertinent") (citation omitted).

No. 12-41425

question presented, whether the Louisiana offense of aggravated battery set forth in Louisiana Revised Statutes section 14:34 qualifies as a crime of violence under § 2L1.2 of the Sentencing Guidelines.

## IV.

When considering whether a defendant's prior conviction constitutes a crime of violence as defined in § 2L1.2 of the Sentencing Guidelines, we use the "categorical approach" derived from *Taylor v. United States*, 495 U.S. 575 (1990), and set forth most recently in the Supreme Court's opinion in *Descamps v. United States*, 133 S. Ct. 2276 (2013). *See, e.g.*, *United States v. Carrillo–Rosales*, 536 F. App'x 478, 480-81 (5th Cir. 2013) (per curiam) (unpublished) (applying categorical analysis of *Descamps* to assess whether a prior conviction is a crime of violence for purposes of § 2L1.2(b)(1)(A)(ii) of the federal Sentencing Guidelines). "Although it is a question of federal law whether an offense constitutes a crime of violence under § 2L1.2, we look to state law to determine the offense's nature and whether its violation is a crime of violence under federal law." *United States v. Martinez–Flores*, 720 F.3d 293, 297 (5th Cir. 2013) (original alterations and quotation marks omitted).

Because § 2L1.2 defines "crime of violence" in two different ways—with reference to a list of enumerated offenses (the "'enumerated offense' prong") and with reference to any other offense that "has as an element the use, attempted use, or threatened use of physical force against the person of another" (the "'use of force' prong"), we of necessity use slightly different methodologies to determine whether a prior offense constitutes a crime of violence under each respective definition. *See, e.g.*, *United States v. Mendoza–Sanchez*, 456 F.3d 479, 481-82 (5th Cir. 2006); *see also Martinez–Flores*, 720 F.3d at 295 (applying same crime-of-violence methodology after the Supreme

7

Court issued its opinion in *Descamps*).[2]   Our two methodologies are both iterations of the elements-based categorical approach set forth in *Taylor* and its progeny, with each looking to different sources of guidance.  *See, e.g.*, *Descamps*, 133 S. Ct. at 2281.   Under the "enumerated offense" prong, we conduct a "common-sense" categorical approach, looking to various sources—such as "the Model Penal Code, the LaFave and Scott treatises, modern state codes, and dictionary definitions"—to define each crime by its "generic, contemporary meaning."  *E.g.*, *Moreno–Florean*, 542 F.3d at 449 (citation and quotation marks omitted).   Under the "use of force" prong, we analyze whether the offense has as an element the use, attempted use, or threatened use of physical force.  *Id.*   The "force" necessary under this provision must rise to the level of "destructive or violent force"; mere "offensive touching" with a deadly weapon is insufficient.  *United States v. Dominguez*, 479 F.3d 345, 348 (5th Cir. 2007).   Under both approaches, we determine the elements to which a defendant pleaded guilty by analyzing the statutory definition of the offense, not the defendant's underlying conduct.  *See, e.g.*, *Descamps*, 133 S. Ct. at 2281; *see also, e.g.*, *Patel*, 526 F.3d at 802 ("The purpose of the categorical approach is to avoid the practical difficulties and fairness problems that would arise if courts were permitted to consider the facts behind prior convictions which would potentially require federal courts to relitigate a defendant's prior conviction in any case where the government alleged that the defendant's actual conduct fit the definition of a predicate offense.").

If we determine that the statute of conviction as a whole does not categorically qualify as a crime of violence, but the statute is divisible, then we apply a variant of the categorical approach—the "modified categorical

---

[2] If the offense qualifies as a crime of violence under one prong, we need not also consider whether it falls under the other.  *See Flores–Gallo*, 625 F.3d at 821.

No. 12-41425

approach." *Descamps*, 133 S. Ct. at 2281. However, for the modified categorical approach to apply, the defendant must have been convicted under a truly divisible statute—*i.e.*, one that "comprises multiple, alternative versions of the crime"—before it is proper to engage in the modified categorical approach. *Id.* at 2284. Under the modified categorical approach, we may "consult a limited class of documents, such as indictments and jury instructions, to determine which alternative formed the basis of the defendant's prior conviction. The court can then do what the categorical approach demands: compare the elements of the crime of conviction (including the alternative element used in the case) with the elements of the generic crime," *id.* at 2281, or, as the case may be, assess whether the crime of conviction has as an element the use, attempted use, or threatened use of physical force. Those records are "generally limited to . . . the charging document, written plea agreement, transcript of plea colloquy, and any explicit factual finding by the trial judge to which the defendant assented." *Shepard v. United States*, 544 U.S. 13, 16 (2005). "By reviewing the extra-statutory materials approved in those cases, courts c[an] discover 'which statutory phrase' contained within a statute listing 'several different' crimes, 'covered a prior conviction.'" *Descamps*, 133 S. Ct. at 2285 (citations omitted).

## A.

As an initial matter, we agree with Herrera–Alvarez that Louisiana Revised Statutes section 14:34 as a whole criminalizes conduct that would not entail the "use, attempted use, or threatened use of force." U.S.S.G. § 2L1.2 cmt. (1)(B)(iii). Under § 2L1.2, "the 'force' necessary to make an offense a COV [is] synonymous with 'destructive or violent force'"; "offensive touching" is insufficient. *Dominguez*, 479 F.3d at 348 (citing, *inter alia*, *United States v. Sanchez–Torres*, 136 F. App'x 644, 647-48 (5th Cir. 2005) (holding Washington fourth-degree assault statute does not qualify as a crime of violence because it

9

No. 12-41425

could be committed by an "offensive touching")); *see Johnson v. United States*, 559 U.S. 133, 140 (2010) (holding, in a case arising under the Armed Career Criminal Act, that "in the context of a statutory definition of '*violent* felony,' the phrase 'physical force' means *violent* force—that is, force capable of causing physical pain or injury to another person"). "However, the touching of an individual with a deadly weapon creates a sufficient threat of force to qualify as a crime of violence." *Dominguez*, 479 F.3d at 348.

Reading the relevant statutes together, the Louisiana offense of aggravated battery set forth in section 14:34 consists of the following elements: (1) "a battery," LA. REV. STAT. § 14:34—namely, (a) "the intentional use of force or violence upon the person of another" or (b) "the intentional administration of a poison or other noxious liquid or substance to another," *id.* § 14:33—(2) that is "committed with a dangerous weapon," *id.* § 14:34, which is defined as (a) "any gas, liquid or other substance or instrumentality" (b) "which, in the manner used, is calculated or likely to produce death or great bodily harm," *id.* § 14:2(3). We agree with Herrera–Alvarez that his prior Louisiana conviction for aggravated battery does not qualify as a "crime of violence" under the "force or violence" prong of § 2L1.2 because the Louisiana definition of battery includes the administration of poison, which does not necessarily entail the use of physical force. *See United States v. Villegas–Hernandez*, 468 F.3d 874, 879 (5th Cir. 2006) (holding that the Texas crime of simple assault, TEX. PEN. CODE § 22.01(a), is not a crime of violence that has as an element the use, attempted use, or threatened use of physical force because a conviction could be sustained under that section, *inter alia*, the defendant merely "ma[de] available to the victim a poisoned drink while reassuring him the drink is safe," which would not entail "destructive or violent physical force"). Under the reasoning of *Villegas–Hernandez*, the harmful effect of the poison itself is not sufficient to

10

No. 12-41425

furnish the destructive or violent physical force that the "use of force" prong of § 2L1.2 demands. *See id.*

Likewise, Louisiana's section 14:34 criminalizes conduct broader than that contemplated in § 2L1.2 because it covers poisoning without necessarily requiring the use of violent or destructive physical force. *See* LA. REV. STAT. § 14:33(b) (defining "battery" as "the intentional administration of a poison or other noxious liquid or substance to another"); *id.* § 14:2(3) (defining "dangerous weapon" to include a "gas, liquid, or other substance, . . . which, in the manner used, is calculated or likely to produce death or great bodily harm"); *State v. Smith*, 907 So. 2d 192, 193, 197-98 (La. Ct. App. 2005) (upholding conviction of aggravated battery under section 14:34 for intentionally spraying victim with chemicals from a crop-duster plane). As in *Villegas–Hernandez*, a perpetrator under Louisiana's section 14:34 could simply administer a poison or other substance without necessarily using "destructive or violent force." *Dominguez*, 479 F.3d at 348; *see Villegas–Hernandez* 468 F.3d at 679.[3] In summary, Louisiana Revised Statutes section 14:34 as a whole does not necessarily include, as an element, the use, attempted use, or threatened use of destructive or violent physical force as required under the "use of force" prong of § 2L1.2 of the Sentencing Guidelines. We therefore turn to the modified categorical approach.

---

[3] That is not to say that a poison or other harmful chemical could *never* be applied with violent physical force. *Cf. State v. Mayeaux*, 570 So. 2d 185, 192 (La. Ct. App. 1990) (upholding conviction under section 14:34 for soliciting co-conspirator's attack on victim by throwing acid into her face, blinding her and causing severe burns). But under the categorical approach, we are tasked with inquiring whether the requisite violent force *must necessarily* be present in *every* case.

No. 12-41425

**B.**

As set forth above, under the modified categorical approach, if a statute contains multiple, disjunctive subsections, we may look beyond the statute to certain conclusive records made or used in adjudicating guilt to determine which particular statutory alternative applies to the defendant's conviction. *See Descamps*, 133 S. Ct. at 2281, 2283-86; *Shepard*, 544 U.S. at 16. We first consider whether the statute of conviction is disjunctive. *See Descamps*, 133 S. Ct. at 2281, 2283-86. "Aggravated battery" is defined as "a battery committed with a dangerous weapon," LA. REV. STAT. § 14:34, and "battery" is defined in the disjunctive: namely, "the intentional use of force or violence upon the person of another; *or* the intentional administration of a poison or other noxious liquid or substance to another," *id.* § 14:33 (emphasis added). Section 14:34, by incorporating section 14:33's disjunctive definition of "battery," in effect criminalizes two distinct offenses—an aggravated battery committed by the intentional administration of poison or other noxious liquid or substance and an aggravated battery committed by the intentional use of force or violence upon the person of another. Section 14:34 is therefore disjunctive.

Next, we look to the "charging document, written plea agreement, transcript of plea colloquy," and so on, to narrow down the statute between the disjunctive subsections. *Shepard*, 544 U.S. at 16.[4] Based on the state charging

---

[4] A criminal information may be properly considered as a charging document under *Shepard*, but only if the criminal information charges the defendant with a crime of which he or she was actually convicted. *Compare, e.g.*, *Bonilla*, 524 F.3d at 652-53 ("Because the criminal information charges a crime of which Bonilla was not convicted, it cannot be used to pare down the statute of conviction to determine under which subsection Bonilla pleaded guilty. Therefore, the district court could not consider the criminal information to establish that Bonilla's offense qualified as a crime of violence.") (citations, quotation marks, and alterations omitted), *with, e.g.*, *United States v. Ramirez*, 731 F.3d 351, 354 (5th Cir. 2013) (using criminal information for modified categorical approach), *United States v. Ortiz-Gomez*, 562 F.3d 683, 685 (5th Cir. 2009) (same), *and Perez-Munoz v. Keisler*, 507 F.3d 357, 359 (5th Cir. 2007) (same). Herrera–Alvarez acknowledges that he was convicted of the same crime

document, we ascertain that Herrera–Alvarez was convicted under the latter offense under section 14:34. The criminal information charging Herrera–Alvarez with aggravated battery alleged in pertinent part that on April 26, 2009, Herrera–Alvarez "did, willfully and unlawfully commit an aggravated battery with a dangerous weapon, to-wit: knife, on one Nicholas Marrogain, in violation of the provisions of R.S. 14:34." (Emphasis omitted.) This charging information allows us to narrow down the elements of the offense of which Herrera–Alvarez was convicted under section 14:34. Because the information specifies that Herrera–Alvarez was convicted of the offense using a knife, we can rule out the possibility that Herrera–Alvarez was convicted under the "poison" prong of the definition of "battery" set forth in section 14:33. We can also rule out the possibility that he was convicted of using a "gas, liquid, or other substance" constituting a "dangerous weapon" under section 14:2(3). Thus, under the modified categorical approach, we may narrow down the elements of the offense of which Herrera–Alvarez was convicted as follows: (1) "a battery," LA. REV. STAT. § 14:34—namely, "the intentional use of force or violence upon the person of another," *id.* § 14:33—(2) that is "committed with a dangerous weapon," *id.* § 14:34, which here means (a) "any . . . instrumentality" that (b) "in the manner used, is calculated or likely to produce death or great bodily harm," *id.* § 14:2(3).

We therefore repeat our categorical analysis and consider whether the offense, as narrowed, criminalizes conduct that does not involve the use, attempted use, or threatened use of force. *See Descamps*, 133 S. Ct. at 2281 (explaining that if the court can narrow the statute of conviction pursuant to the modified categorical approach, we "can then do what the categorical

---

set forth in the criminal information. We may properly consider that document under *Shepard* and *Bonilla.*

approach demands"). As we emphasized above, "the 'force' necessary to make an offense a COV [is] synonymous with 'destructive or violent force,'" and "offensive touching" is insufficient. *Dominguez*, 479 F.3d at 348 (citing, *inter alia*, *United States v. Sanchez–Torres*, 136 F. App'x 644, 647-48 (5th Cir. 2005) (holding that Washington fourth-degree assault statute does not qualify as COV because it could be committed by an "offensive touching")); *see Johnson*, 559 U.S. at 140 (holding that "in the context of a statutory definition of '*violent* felony,' the phrase 'physical force' means *violent* force—that is, force capable of causing physical pain or injury to another person," and rejecting the government's argument that the common-law definition of the crime of battery, which "held this element of 'force' to be satisfied by even the slightest offensive touching," should govern the definition under the Armed Career Criminal Act). However, we held that "the touching of an individual with a deadly weapon [does] create[ ] a sufficient threat of force to qualify as a crime of violence." *Dominguez*, 479 F.3d at 348.

We conclude that that the Louisiana crime of aggravated battery under section 14:34, as narrowed under the modified categorical approach to exclude poisoning, is a crime of violence because it necessarily contains, as an element, the use, attempted use, or threatened use of force. Louisiana aggravated battery requires both physical contact and the use of a dangerous weapon "which, in the manner used, is calculated or likely to produce death or great bodily harm." LA. REV. STAT. § 14:2(3); *see Dominguez*, 479 F.3d at 348 (holding that the "touching of an individual with a deadly weapon creates a sufficient threat of force to qualify as a crime of violence"); *cf. Rede–Mendez*, 680 F.3d at 556, 558 (holding that because New Mexico's simple assault statute did not necessarily require the use of force or physical force, but could instead be satisfied by "insulting language," the addition of the "use of a deadly weapon" element to the aggravated assault statute did not necessarily transform the

offense into a crime of violence and noting that an offense could qualify as a crime of violence "when the touching is accompanied by a deadly weapon . . . and the use of a deadly weapon . . . transform[s] a lesser degree of force into the necessary 'violent force'").

Herrera–Alvarez argues that under Louisiana law, aggravated assault may be committed by physical contact which is "merely offensive," which is insufficient to render the offense a crime of violence, citing the Louisiana Supreme Court's opinions in *State v. Dauzat*, 392 So. 2d 393, 396 (La. 1980), and *State v. Schenck*, 513 So. 2d 1159, 1165 (La. 1987), in which the court stated that the element of "use of force or violence upon the person of another" may be satisfied by physical contact that is "injurious or merely offensive." Neither *Dauzat* nor *Schenck* supports Herrera–Alvarez's argument in favor of reversal. In both cases, the Louisiana Supreme Court was discussing the physical contact required for *simple* battery, not *aggravated* battery. *See Dauzat*, 392 So. 2d at 396 & n.3; *Schenck*, 513 So. 2d at 1165 (approving conviction for simple battery). Herrera–Alvarez was charged with *aggravated* battery, which "is a battery committed with a dangerous weapon," LA. REV. STAT. § 14:34, which, as pared down pursuant to the modified categorical approach, as discussed above, is defined as "any . . . instrumentality . . . which, in the manner used, is calculated or likely to produce death or great bodily harm," *id.* § 14:2(3). This element requires a risk of harm above and beyond merely "offensive touching" because, as Herrera–Alvarez acknowledges, we have held that "the touching of an individual with a deadly weapon creates a sufficient threat of force to qualify as a crime of violence." *Dominguez*, 479 F.3d at 348.

Herrera–Alvarez further maintains that Louisiana aggravated battery does not require any touching with a weapon because the offense can be committed while the defendant merely possesses the dangerous weapon, citing

*State v. Howard*, 638 So. 2d 216, 217 (La. 1994) (per curiam).  In *Howard*, the Louisiana Supreme Court upheld the defendant's aggravated battery conviction under section 14:34 against a sufficiency-of-the-evidence challenge. *Id.* at 216.  The defendant was charged with aggravated battery after he grabbed his girlfriend by the shoulders as he attempted to pull her from the back of a vehicle during an argument and the gun that he was holding in one hand accidentally discharged, injuring her.  *Id.* at 217.  The court upheld the conviction, reasoning that "[a]ny rational factfinder could have determined . . . that the defendant had intentionally used force or violence against the victim with a dangerous weapon when he took his gun in hand, grabbed [the victim] by her shoulders, and attempted to pull her out of the [vehicle].  That the defendant did not specifically intend the much greater degree of harm inflicted on the victim when the gun discharged did not prevent the jury from taking into account those reasonably foreseeable consequences which aggravate the seriousness of a battery offense in assessing the culpability of his act."  *Id.* (citation omitted).  The Louisiana Supreme Court's application of section 14:34 in *Howard* does not take that offense out of the purview of § 2L1.2's "use of force" prong.  Just as in *Dominguez*, when we observed that "the touching of an individual with a deadly weapon creates sufficient threat of force to qualify as a crime of violence," 479 F.3d at 348, in *Howard*, the Louisiana Supreme Court concluded that the violent force intentionally applied to the victim, accompanied by the use of a deadly weapon that, in the manner used, was likely to cause great bodily injury or death, made the defendant's conduct sufficient to sustain a conviction under section 14:34.  *See* 638 So. 2d at 217.

No. 12-41425

We conclude that this is sufficient to qualify the offense as a crime of violence under § 2L1.2's "use of force" prong.[5]

## V.

For the foregoing reasons, we conclude that that the Louisiana crime of aggravated battery under section 14:34, as narrowed under the modified categorical approach to exclude poisoning, is a crime of violence under § 2L1.2 of the Sentencing Guidelines because it contains, as an element, the use, attempted use, or threatened use of force. Accordingly, we AFFIRM.

---

[5] Accordingly, we do not reach the government's alternative contention that the Louisiana offense of aggravated battery under section 14:34 qualifies as a crime of violence under § 2L1.2 because it is equivalent to the enumerated offense of "aggravated assault." *See Flores–Gallo*, 625 F.3d at 821 (noting that if an offense qualifies as a COV under the "use of force" prong of § 2L1.2, we have discretion not to first consider whether it qualifies as an enumerated offense); *cf., e.g., Bonilla*, 524 F.3d at 654 (holding that where a state statute "encompass[es] criminal acts involving a less culpable *mens rea* than" the enumerated crime, it "criminalize[s] conduct broader than the plain and ordinary definition of" the generic enumerated crime); *Uppal v. Holder*, 605 F.3d 712, 719 (9th Cir. 2010) (collecting cases that have "taken note of the distinction between general and specific intent in the assault and battery contexts" for purposes of the categorical approach); *Rede–Mendez*, 680 F.3d at 557 (concluding that New Mexico aggravated assault is not equivalent to the generic, contemporary meaning of aggravated assault because, among other reasons, "[u]nlike the Model Penal Code or LaFave definitions, the New Mexico statute does not require specific intent to injure or to frighten the victim. Instead, aggravated assault in New Mexico requires general criminal intent").