# United States Court of Appeals
# for the Fifth Circuit

United States Court of Appeals
Fifth Circuit

**FILED**

September 5, 2025

Lyle W. Cayce
Clerk

———————

No. 23-30198

———————

United States of America,

*Plaintiff—Appellee*,

*versus*

Busch Sereal,

*Defendant—Appellant*.

———————————————————————

Appeal from the United States District Court
for the Western District of Louisiana
USDC No. 6:21-CR-116-1

———————————————————————

Before King, Smith, and Douglas, *Circuit Judges*.

Dana M. Douglas, *Circuit Judge*:

Busch Sereal was convicted pursuant to a guilty plea for possessing a firearm as a convicted felon in violation of 18 U.S.C. § 922(g)(1). Sereal appeals his conviction and sentence on grounds that § 922(g)(1) is unconstitutional and the district court erroneously applied a crime-of-violence sentence enhancement to calculate his Guidelines range. We AFFIRM.

No. 23-30198

I

In September 2022, Sereal pleaded guilty, per a plea agreement, to possessing a firearm after a felony conviction, in violation of 18 U.S.C. § 922(g)(1). The presentence investigation report (PSR) prepared by the probation officer determined that Sereal's total offense level was 24 according to U.S.S.G. § 2K2.1(a)(2) (2021) because Sereal had "at least two felony convictions of either a crime of violence or a controlled substance offense." The PSR listed two prior Louisiana felony convictions: (1) a 1998 conviction for aggravated battery, and (2) a 2000 conviction for distribution of cocaine. With Sereal's criminal history of V, the PSR stated that his Guidelines range of imprisonment was 120 to 150 months. However, because the statutory maximum term of imprisonment for the § 922(g)(1) offense was 120 months, his Guidelines imprisonment range became 120 months.

Sereal filed numerous objections to the PSR. He objected to the application of a two-level enhancement for a stolen firearm under § 2K2.1(b)(4)(A) and a four-level enhancement for the firearm's use in connection with another felony offense pursuant to § 2K2.1(b)(6)(B). He also objected to the three criminal history points that were assigned to his 1998 Louisiana felony conviction for aggravated battery, La. Stat. Ann. § 14:34 (1980), under U.S.S.G. § 4A1.1(a).

At Sereal's sentencing hearing, the district court overruled these objections. Counsel for Sereal indicated that he did not have any other objections. The district court then adopted the PSR's factual findings and sentenced Sereal to 120 months of imprisonment, followed by three years of supervised release. The court made the following observations of the imposed sentence:

> [T]he defendant is committed to the custody of the Bureau of
> Prisons for a term of 120 months, which is the statutory

2

maximum as to Count Three of the indictment . . . . [T]his sentence lies also at the bottom of the calculated range. The sentence was selected after considering the factors contained in Title 18 U.S. [§] 3553[(a)] concerning the defendant's criminal history, his personal characteristics, and his involvement in the instant offense.

In the written statement of reasons, the district court checked a box indicating that "[i]n the event the guideline determination(s) made in this case are found to be incorrect, the court would impose a sentence identical to that imposed in this case." This appeal followed.

## II

As Sereal concedes, because he did not challenge the constitutionality of § 922(g)(1) or his sentence enhancement in the district court, this court's review is for plain error only. Under plain error review, the appellant must show (1) a forfeited error that is (2) clear or obvious and (3) affects his substantial rights. *See Puckett v. United States*, 556 U.S. 129, 135 (2009). If he does so, this court has the discretion to correct the reversible plain error, but only if it "seriously affect[s] the fairness, integrity or public reputation of judicial proceedings." *Id.*

## III

Sereal contends that the district court erred in two ways: First, he asserts that his conviction under § 922(g)(1) should be vacated because the statute is unconstitutional in light of *New York State Rifle & Pistol Ass'n, Inc. v. Bruen*, 597 U.S. 1 (2022); and second, he argues the district court erred when it concluded that his prior conviction for Louisiana aggravated battery

No. 23-30198

was a "crime of violence" under the sentencing Guidelines. We address each in turn below.

## A

Sereal first argues that his conviction under § 922(g)(1) was clear or obvious error because the statute is facially unconstitutional under the Second Amendment. Relying on the Supreme Court's decision in *Bruen*, he asserts that the Government has not met its burden to establish that disarming individuals previously convicted of a felony is consistent with this nation's historical tradition of firearm regulation. Nevertheless, Sereal acknowledges that our court has held that a conviction under § 922(g)(1) does not constitute plain error, given our pre-*Bruen* cases finding § 922(g)(1) constitutional and Justice Kavanaugh's concurring opinion in *Bruen* affirming the view that it remains constitutional to impose firearms restrictions for those who have been convicted of a felony or who are mentally ill. *See United States v. Jones*, 88 F.4th 571, 573–74 (5th Cir. 2023) (per curiam).

Insofar as Sereal asserts that he challenges the constitutionality of his § 922(g)(1) conviction on grounds that the plain error determination is made at the time of appellate consideration, *see Henderson v. United States*, 568 U.S. 266, 273 (2013) (citation modified), there has been no development in our jurisprudence suggesting that conviction under § 922(g)(1) is reversible plain error.[1] We therefore decline to vacate Sereal's conviction.

_____

[1] To the contrary, in unpublished decisions issued since Sereal filed his opening brief, this court has continued to reject plain error constitutional challenges to § 922(g)(1) convictions. *See, e.g.*, *United States v. Bartolomei*, No. 23-20196, 2024 WL 243324 (5th Cir. Jan. 23, 2024) (per curiam), *cert. denied*, 144 S. Ct. 2594 (2024) (Mem.); *United States v. Burks*, No. 23-20352, 2024 WL 512557 (5th Cir. Feb. 9, 2024) (per curiam), *cert. denied*, 144 S. Ct. 1082 (2024) (Mem.).

B

We turn now to Sereal's assertion that the district court erred by enhancing his sentence based on the determination that his prior conviction for Louisiana aggravated assault is a "crime of violence."

1

As relevant here, a "crime of violence" is defined by the Guidelines as any state or federal offense punishable by more than one year of imprisonment that "(1) has as an element the use, attempted use, or threatened use of physical force against the person of another; or (2) is . . . aggravated assault." U.S.S.G. § 4B1.2(a). Subsections 1 and 2 of § 4B1.2(a) are often referred to as the "force clause" and the "enumerated-offense clause," respectively. *United States v. Garner*, 28 F.4th 678, 681 (5th Cir. 2022). Until August 1, 2016, § 4B1.2(a) also included a "residual clause" that further defined "crime of violence" to include any offense that "otherwise involves conduct that presents a serious potential risk of physical injury to another."[2] Under the Guidelines, if a defendant committed any part of an offense subsequent to sustaining at least two felony convictions for a crime of violence, his base offense level is 24. *See* U.S.S.G. § 2K2.1(a)(1).

We apply the categorical approach to determine whether an offense constitutes a crime of violence. *See Garner*, 28 F.4th at 681. Pursuant to this approach, we consider "only . . . the statutory definitions—i.e., the elements—of a defendant's prior offenses, and not . . . the particular facts underlying those convictions." *Id.* An offense that criminalizes conduct

---

[2] The United States Sentencing Commission amended § 4B1.2(a) to delete the residual clause following the Supreme Court's decision in *Johnson v. United States*, 576 U.S. 591, 606 (2015), which held unconstitutional nearly identical language in the Armed Career Criminal Act ("ACCA"). *See* U.S.S.G., App. C, Amendment 798.

beyond the scope of § 4B1.2(a) is categorically not a crime of violence. *See id.* at 681. Our focus under the categorial approach is on the "least culpable . . . of the acts criminalized." *Borden v. United States*, 593 U.S. 420, 424 (2021) (plurality opinion). Nevertheless, the Supreme Court has cautioned that the categorical approach's "focus on the minimum conduct criminalized by the state statute is not an invitation to apply 'legal imagination' to the state offense." *Moncrieffe v. Holder*, 569 U.S. 184, 191 (2013) (quoting *Gonzales v. Duenas-Alvarez*, 549 U.S. 183, 193 (2007)). "[T]here must be 'a realistic probability, not a theoretical possibility, that the State would apply its statute'" in the manner urged by the defendant. *Id.* (quoting *Duenas-Alvarez*, 549 U.S. at 193). "To show that realistic probability, an offender . . . must at least point to his own case or other cases in which the state courts in fact did apply the statute in the special . . . manner for which he argues." *Duenas-Alvarez*, 549 U.S. at 193.

2

Our analysis centers on the second prong of plain error review: whether the district court's alleged error of classifying Sereal's conviction for Louisiana aggravated assault as a crime of violence was clear or obvious. Sereal asserts that the district court's decision was erroneous in light of *Borden* and *Garner*, which eliminated reckless and negligent conduct from the crime of violence definition. We disagree.

In *Borden*, the Supreme Court held that an offense that can be committed recklessly is categorically not a crime of violence under the elements clause of the ACCA.[3] *Borden*, 593 U.S. at 429. Specifically, the Court reasoned that "[t]he phrase 'against another,' when modifying the 'use of force,' demands that the perpetrator direct his action at, or target,

---

[3] The elements clause of the ACCA is identical to the force clause of § 4B1.2(a).

another individual." *Id.* Because reckless conduct "is not aimed in that prescribed manner," it cannot support a crime of violence determination. *Id.*; *see also Delligatti v. United States*, 145 S. Ct. 797, 808 (2025) ("[T]he language 'against another' specifies the required object of the force . . . , and possibly also the *mens rea* with which the object must be targeted (knowingly or intentionally, rather than negligently or recklessly)." (citing *Borden*, 593 U.S. at 430–34)).

We have since recognized *Borden* as the decision that "governs what can (and can't) qualify as a crime of violence under the Sentencing Guidelines." *United States v. Bates*, 24 F.4th 1017, 1018–19 (5th Cir. 2022) (per curiam) (citing *United States v. Greer*, 20 F.4th 1071, 1075 (5th Cir. 2021)). Accordingly, we used *Borden*'s framework to apply the categorical approach in *Garner*, which presented the question of whether Louisiana aggravated assault with a firearm constitutes a crime of violence under § 4B1.2(a). *Garner*, 28 F.4th at 680–81. We held that it was not.

Canvassing Louisiana state court decisions, we explained that under the Louisiana Criminal Code, there are "three levels of criminal culpability: specific intent, general intent, and criminal negligence." *Id.* at 683. Unlike specific intent, which "'addresses itself to the actual thoughts of the defendant'" because it "'exists when . . . the offender actively desired' the criminal consequences to result from his conduct," *id.* (first quoting *City of Baton Rouge v. Ross*, 94-0695 (La. 4/28/95), 654 So. 2d 1311, 1332 (Calogero, J., concurring); then quoting La. R.S. 14:10(1)), general intent "exists when from the circumstances the prohibited result may reasonably be expected to follow from the offender's voluntary act, irrespective of any subjective desire on his part," *id.* (quoting *State v. Elzie*, 343 So. 2d 712, 714 (La. 1977)). Thus, general intent crimes cover "reckless or even negligent states of mind." *Id.* As Louisiana aggravated assault with a firearm is a general intent crime, we

determined that it is categorically not a crime of violence under § 4B1.2(a). *Id.* at 683–84.

When Sereal was convicted in 1998, the Louisiana Criminal Code defined aggravated battery as "battery committed with a dangerous weapon." LA. STAT. ANN. § 14:34 (1980) (version in effect from 1980 through July 31, 2012). Battery was defined to mean "the intentional use of force or violence upon the person of another; or the intentional administration of a poison or other noxious liquid or substance to another." LA. STAT. ANN. § 14:33 (version in effect from 1978 to present). But notwithstanding the use of "intentional" in the definition of battery, the Supreme Court of Louisiana held in *State v. Howard*, 94-0023 (La. 6/3/1994), 638 So. 2d 216, 217 (La. 1994), that aggravated battery is a general intent crime. As a general intent crime, Louisiana aggravated battery is an offense that can be committed recklessly or negligently.[4] *See id.* at 217–18; *Garner*, 28 F.4th at 683. Flowing from *Garner's* decision that the general intent crime of Louisiana aggravated assault is not a crime of violence under § 4B1.2(a) in light of *Borden*, Sereal argues that his prior conviction for the general intent crime of Louisiana aggravated battery is also not a crime of violence.

However, as we recently observed in a similar appeal, Sereal "is not the first to argue that *Garner* stands for the proposition that all Louisiana general intent crimes can be committed with a *mens rea* of recklessness and thus cannot constitute crimes of violence under the Guidelines." *United States v. King*, No. 24-30323, — F.4th —, 2025 WL 2371032, at *3 (5th Cir.

---

[4] Although the Government contends that the "dangerous weapon" element of the Louisiana aggravated assault statute imbues the offense with subjective intent, this argument does not contend with the fact that *Garner* also involved a dangerous weapon. *See State in Int. of C.B.*, 18-52,245, p. 3 (La. App. 2 Cir. 6/27/18), 251 So. 3d 562, 568 ("As a matter of law, a gun, or firearm, is a dangerous weapon." (citing *State v. Bonier*, 367 So. 2d 824 (La. 1979))).

Aug. 15, 2025). In this context, "our court has been cautious about accepting defendants' invitations to expand *Garner* to other Louisiana crimes on plain error review." *Id.* Indeed, "[f]ollowing *Garner*, in unpublished opinions concerning different Louisiana general intent crimes, we have held that on plain error review, the holding in *Garner* is limited to the Louisiana aggravated assault statute." *Id.* at *4.

As mentioned, Sereal has the burden of showcasing a "realistic probability . . . that the State would apply its statute" in the manner "for which he argues." *Duenas-Alvarez*, 549 U.S. at 193. To do so, he must put forth a state court case in which the court upheld the defendant's conviction for Louisiana aggravated battery for reckless or negligent conduct. *See King*, 2025 WL 2371032, at *4 ("[N]otwithstanding our conclusion in *Garner* that Louisiana's general intent scheme permits a conviction with a *mens rea* of recklessness, we pay close attention to whether there is also a Louisiana state court case" indicating that "a conviction has been upheld for the particular Louisiana offense based on a *mens rea* of recklessness or negligence.").

Sereal's proposed cases—*State v. Howard* and *State in Interest of T.M.*, 12-436 (La. App. 5 Cir. 11/27/12), 105 So. 3d 969—fail to make that showing.

In *Howard*, the court determined that the defendant was properly convicted of Louisiana aggravated battery when he pulled the victim by the shoulders out of the rear passenger side of a vehicle, and his gun discharged, with the shot striking the victim. *Id.* at 217–18. When discussing the requirements of the aggravated battery statute, the court noted that, "[i]n general intent crimes, 'criminal intent necessary to sustain a conviction is shown by the very doing of the acts which have been declared criminal.'" *Id.* at 217 (quoting *State v. Holmes,* 388 So. 2d 722, 727 (La. 1980)). However, the court found irrelevant the defendant's argument that his conviction of aggravated battery was improper because the gun discharged by accident and

he did not specifically intend the harm inflicted on the victim. *Id.* Instead, the court observed that the defendant "had intentionally used force or violence against the victim with a dangerous weapon when he took his gun in hand, grabbed [her] by her shoulders, and attempted to pull her out of the [vehicle]." *Id.* Further, the court explained that just because the defendant did not "specifically intend the much greater degree of harm inflicted on the victim when the gun discharged," that did not preclude "the jury from taking into account those reasonably foreseeable consequences which aggravate the seriousness of a battery offense in assessing the culpability of his act." *Id.* Thus, *Howard* does not involve the upholding of a conviction for aggravated battery based on the reckless or negligent application of force to another, but rather pertains to the defendant's use of force that was intentionally directed against the victim. The case therefore falls short of meeting the "realistic probability" requirement for this appeal. *See King*, 2025 WL 2371032, at *4.

*State in Interest of T.M.* fares not better for Sereal. There, the defendant disputed that she had the requisite criminal intent to commit a Louisiana aggravated battery when she held a razor blade in a gloved hand, which concealed the blade, and then proceeded to high-five her classmates "in order to cut them with the blade." *State in Interest of T.M.*, 105 So. 3d at 973. The court reiterated *Howard*'s principle that the mens rea necessary to sustain a conviction of a general intent crime "is shown by the very doing of the acts which have been declared criminal." *Id.* (citing *Howard*, 638 So. 2d at 217). Nonetheless, in affirming the aggravated battery conviction, the court reasoned that the defendant's conduct was a *knowing* use of force against another, not a reckless or negligent use of force. *Id.* ("T.M. must have known that some injury was reasonably certain to result from her act of high-fiving her classmates with a razor blade in her hand.").

In all, despite that Sereal's proffered cases contain "a discussion of Louisiana's general intent concept," they do not "demonstrate that a

No. 23-30198

conviction has been upheld" for aggravated battery "based on a *mens rea* of recklessness or negligence." *King*, 2025 WL 2371032, at *4. Accordingly, the cases do not serve as a basis for us to find clear or obvious error in the district court's enhancement of Sereal's sentence after determining that his prior conviction for Louisiana aggravated battery was a crime of violence.[5]

## IV

Under plain error review, Sereal's challenge to his conviction and sentence fails for the reasons discussed above. Accordingly, we AFFIRM.

_____

[5] Given that Sereal "fails to demonstrate clear error, we do not address the remaining prongs of plain error review." *United States v. Russell*, 136 F.4th 606, 609 n.4 (5th Cir. 2025).