# IN THE UNITED STATES COURT OF APPEALS
# FOR THE FIFTH CIRCUIT

No. 13-40418
Summary Calendar

United States Court of Appeals
Fifth Circuit

**FILED**

October 20, 2014

Lyle W. Cayce
Clerk

UNITED STATES OF AMERICA,

Plaintiff-Appellee

v.

JOSE ALBERTO CORTES-RAMIREZ, also known as Jose A. Cortes,

Defendant-Appellant

Appeal from the United States District Court
for the Southern District of Texas
USDC No. 7:12-CR-2064-1

Before REAVLEY, DENNIS, and SOUTHWICK, Circuit Judges.

PER CURIAM:*

Jose Alberto Cortes-Ramirez pleaded guilty to one charge of illegal reentry into the United States and was sentenced to serve 46 months in prison. Now, he argues that the district court erred by concluding that his prior conviction for aggravated battery under Louisiana Revised Statutes § 14:34 was a crime of violence (COV) pursuant to U.S.S.G. § 2L1.2(b)(1)(A)(ii).

---

* Pursuant to 5TH CIR. R. 47.5, the court has determined that this opinion should not be published and is not precedent except under the limited circumstances set forth in 5TH CIR. R. 47.5.4.

No. 13-40418

Appellate courts review sentences for reasonableness by engaging in a bifurcated analysis. *Gall v. United States*, 552 U.S. 38, 49-51 (2007); *United States v. Delgado-Martinez*, 564 F.3d 750, 752 (5th Cir. 2009).   First, the reviewing court ensures that the sentencing court committed no significant procedural error, including improperly calculating the guidelines range. *Gall*, 552 U.S. at 51.   If there is no such error, the appellate court reviews the substantive reasonableness of the sentence under a deferential abuse of discretion standard, taking into account the totality of the circumstances. *Gall*, 552 U.S. at 51; *United States v. Cisneros-Gutierrez*, 517 F.3d 751, 764 (5th Cir. 2008).   The district court's characterization of a prior offense as a crime of violence is a question of law that this court reviews de novo. *United States v. Izaguirre-Flores*, 405 F.3d 270, 272 (5th Cir. 2005).

Our review of pertinent jurisprudence and the record shows no error in connection with the district court's conclusion that Cortes-Ramirez's § 14:34 conviction was a COV for sentencing purposes.   The record contains the charging instrument for Cortes-Ramirez's § 14:34 offense.   This document shows that this offense involved a "metal pipe" and thus excludes the possibility that Cortes-Ramirez committed the aggravated battery with poison or other noxious substance.   Accordingly, the district court's conclusion that this offense was a COV was proper. *See United States v. Herrera-Alvarez*, 753 F.3d 132, 141-42 (5th Cir. 2014).

AFFIRMED.